(October 1, 1910.)

## LEWIS M. BUMPAS, Appellant, v. EDWARD STEIN and J. F. ULMER, Respondents.

[111 Pac. 127.]

REAL ESTATE—SALE OF—FALSE AND FRAUDULENT REPRESENTATIONS—
DAMAGES—NONSUIT.

(Syllabus by the court.)

1. *Held*, that the evidence is not sufficient to show that the respondents knowingly and intentionally misrepresented the area of land contained in block 29, and for that reason the court did not err in sustaining the motion for a nonsuit as to the first cause of action.

2. *Held*, that plaintiff's evidence made a *prima facie* case under the allegations of the second cause of action and that the court. erred in granting a nonsuit therein.

APPEAL from the District Court of the Third Judicial. District, for Ada County. Hon. Fremont Wood, Judge.

Action to recover damages on. sale of real estate. Judg- ment for defendants. *Reversed.*

Bogart & Reddoch, for Appellant.

When a positive assurance of an area of a parcel of land' is made by the vendor to the vendee, with the design of mak- ing the vendee believe it, that assurance is very material,. and equivalent to an assurance of measurement. (*Stark- weather v. Benjamin,* 32 Mich. 305.)

The plat represented block 29 as containing 6.6 acres, and respondent Stein represented that the plat was correct. The plat had been made by a competent engineer, and under the evidence in the first cause of action it was a question for the jury, under proper instructions, to determine whether or not. the representations were such as to deceive a man of ordinary caution and prudence, under similar circumstances. (*Watson v. Molden,* 10 Ida. 570, 79 Pac. 503; *Sharp v. Ponce,* 74 Me. 470; *Brady v. Finn,* 162 Mass. 260, 38 N. E. 506; *Holst v..*

*Stewart,* 161 Mass. 516, 42 Am. St. 442, 37 N. E. 755; *Jackson v. Collins,* 39 Mich. 557.)

Appellant had a right to rely upon the stakes as indicating the true line of blocks 24 and 29. "When monuments can be identified, there is a conclusive presumption that the lines are where they indicate." (2 Ency. of Evidence, 711; *Root v. Cincinnati,* 87 Ia. 202, 54 N. W. 206; *Whitehead v. Atchison,* 136 Mo. 485, 37 S. W. 928; *McKinney v. Doane,* 155 Mo. 287, 56 S. W. 304.)

William B. Davidson, Harry Keyser, and Milton G. Cage, for Respondents.

To constitute actionable fraud it must appear (1) that defendant made a material representation; (2) that it was false; (3) that when made he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. (20 Cyc. 13, 24–27, and cases cited in note; *Kountze v. Kennedy,* 147 N. Y. 124, 129, 49 Am. St. 651, 41 N. E. 414, 29 L. R. A. 360.)

Respondents had caused the plat to be surveyed and made by a competent engineer, who had certified to the correctness thereof, and all facts thereon shown. They had adopted the only recognized method to secure actual knowledge of the fact —the actual quantity of land in the several blocks—and were justified in relying upon such information. (*Cabot v. Christie,* 42 Vt. 121, 126, 1 Am. Rep. 313; *Lovelace v. Suter,* 93 Mo. App. 429, 440, 67 S. W. 737; *Hanscom v. Drullard,* 79 Cal. 234, 21 Pac. 736.)

SULLIVAN, C. J.—This action was brought to recover damages on two causes of action, based on alleged false and fraudulent representations knowingly and intentionally made by respondents in the sale to appellant of blocks 24 and 29 of Stein's subdivision in Ada county.

The first cause of action is based on alleged false and fraudulent representations in regard to the number of acres of

land contained in said block 29; and the second, on alleged damages arising from false and fraudulent representations alleged to have been knowingly made in regard to the southern boundary of said blocks. The answer denied the material allegations of each cause of action.

Upon the issues thus made a jury was impaneled and sworn to try the case, and at the close of the introduction of appellant's testimony, and after he had rested his case, the court granted a motion for nonsuit as to both causes of action and entered judgment against the plaintiff. The appeal is from the judgment, and the errors assigned are to the effect that the court erred in granting said motion for a nonsuit and in entering judgment in favor of respondents.

As to the first cause of action, plaintiff introduced the plat made by the surveyor of said block, which plat gives the dimensions in feet of said block and on the block is marked "6–6/10 acres." The surveyor who made said plat testified that the marking of said block as containing 6–6/10 acres was a mistake made by him and Stein knew nothing about that mistake; that according to the dimensions marked on said plat, said block contained only six acres, and plaintiff testified that the respondent Stein exhibited said plat to him and told him that it must be correct as it was certified to by the surveyor. He also testified that nothing more than that was said by Stein in regard to the area of land contained in said block. This, in substance, was all of the alleged false and fraudulent representations made by respondent Stein in regard to the area of land contained in said block. As the width and length of said block were plainly marked on said plat in figures, had appellant calculated the dimensions as represented by those figures, he would have ascertained that the marking on the map of the area of said block was not correct. It is recited in the deed conveying said blocks to appellant that they were sold to him "as the same appears on the plat of said Stein's subdivision now on file in the office of the county recorder." As the length and width of said block were correctly marked on the plat, the mistake of the surveyor in marking the area thereof could have been

easily ascertained by the appellant himself. The evidence is not sufficient to show that the respondent Stein knowingly and intentionally misrepresented the area of land contained in said block, and for that reason the court did not err in sustaining the motion for a nonsuit as to the first cause of action. It appears from the record that plaintiff purchased said blocks in bulk and not by the acre.

The second cause of action is based on the ground of false and fraudulent representations made by Stein as to the southern boundary of said blocks. It appears that according to the first survey of the blocks and the first plats made thereof, the southern boundary of said blocks was surveyed and staked forty-five feet south of where the present plat indicates that they are located, and the surveyor testified how that occurred, as follows: "The block as originally surveyed was forty-five feet to the south. Lot 23 was too small and he [Stein] decided to throw the line forty-five feet to the north but I had made the plat and had a lot of the original plats all ready, and he asked me to make a new plat showing these alterations and he would have the block—the stakes—changed. The stakes changed on the ground in the survey that I made were forty-five feet south of where they should be where we changed the line to in making the second plat. The old plat was destroyed and the second plat was filed, altering that forty-five feet."

Stein failed to change the stakes. Mr. McConnell, a partner of Stein's in the real estate business, took the plaintiff out to said blocks to show him the boundaries thereof and he showed him the stakes where the surveyor had placed them, forty-five feet too far to the south, and this would not have occurred had Mr. Stein changed the stakes as he had stated to the surveyor he would. After being thus shown the southern boundary of said blocks, the appellant put improvements thereon and thereafter had to remove the same and was damaged by reason thereof. It is thus made to appear that had Stein moved the stakes as he promised he would do, the damage resulting to the appellant from the erection of his buildings on said forty-five feet would not have occurred. Mr.

Stein knew that the southern boundary of said blocks was not correctly indicated by the stakes, and it appears from the evidence that he permitted his agent to represent to appellant that said stakes did correctly represent the southern boundary of said blocks. Plaintiff's evidence was sufficient to go to the jury, and the court erred in granting a nonsuit on the second cause of action. For that reason the judgment must be reversed and a new trial granted. However, if the respondents consent to having judgment entered against them for the amount of damages and costs of suit proven by plaintiff on the second cause of action, that may be done.

Costs of appeal are awarded to appellant.

Ailshie, J., concurs.