212 P.2d 657

McMAHON v. COOPER et al.

No. 7518.

Supreme Court of Idaho.
Dec. 16, 1949.

Ariel L. Crowley, Boise, for appellant.

Fredricks & Jeppesen, Boise, E. B. Smith, Boise, W. E. Sullivan, Boise, for respondents.

PORTER, Justice.

On November 18, 1947, appellant and respondents, Cooper, entered into a Memorandum of Agreement whereby the respondents agreed to sell and the appellant agreed to purchase Lots 9 and 10 in Block 3 of Packenham's Addition to Boise, Idaho. (Plaintiff's Exhibit 2.) The terms and conditions contained in such memorandum of agreement so far as material on this appeal, are as follows:

"1. Purchase Price. The purchase price which the Buyer promises to pay, and the Sellers agree to receive in full for the said premises, with the appurtenances, is $11,-250.00, payable as follows:

"$1,100.00 *cash upon execution hereof*, receipt whereof is hereby acknowledged, and

"The balance in full, $10,150.00 without interest, *upon completion* of the whole .of the improvements and installations in good and usable condition, as provided in paragraph 2, hereof.

"2. Improvements and installations. It is understood and agreed that the Sellers *will complete* the dwelling house located upon the said premises; that the same is now only partially completed, and the purchase price herein stated is for the *completed dwelling* and the lots aforesaid, and the *completed garage*. In particular, the Sellers promise and agree that they will cause the following work to be done and improvements *made and completed* upon the said premises, in good and workmanlike manner, towit:

\* \* \* \* \* \*

"E. Furnish and install kitchen sink and kitchen built-in cupboards, cabinets etc., to *complete the kitchen according to plan.*

\* \* \* \* \* \*

"H. Furnish and install the frames, casings and doors in the present door openings to the basement rooms.

"I. Furnish and install approximately 80 feet of sidewalk, 26 inches or more in width, running from the front steps to the front property line, and from the front steps to the back steps of the house.

"J. Seal and paint the whole of the basement floors.

"K. Erect and complete, ready for use, a double garage, to be built of cement

blocks, with concrete floor, the said garage to be 20 by 24 feet in dimension.

"All of which said improvements, construction and installations shall be made with materials, equipment and workmanship in keeping with the design, quality and type of the present construction, and at the expense of the Sellers, who shall see to it that no lien or encumbrance shall attach to the said property by reason of any material, supplies or labor required in such work of completion and improvement.

\* \* \* \* \* \*

"5. Possession and Occupancy. It is understood that the Buyer shall have the right to move into the upstairs of the said premises and occupy the same as a dwelling from and after December 10, 1947, and that the said work of completion, construction and improvement will be prosecuted diligently to completion without regard to such occupancy.

"6. Default and Termination. The Buyer shall have the right to occupy the said premises and use the same so long as this contract remains in good standing; but shall neither commit waste nor strip thereto, nor encumber the said premises until the purchase price shall have been paid. And in event the said improvements and construction and installations are made in accordance herewith, the balance of the said purchase price shall be promptly paid, it being understood, however, that the Buyer intends to negotiate a loan for the purpose of paying the said purchase price,

commonly called a 'GI' loan, and that a reasonable time will be allowed therefor after the completion of the said work shall have reached such stage as will allow for application for the said loan and appraisement as required in the applicable regulations. In event.the Buyer shall fail to pay the said purchase price, or shall unduly delay application for the said loan, and shall allow such default to remain uncured for more than thirty days after notice in writing *of completion* of the said improvements, it shall be the right of the Sellers, with or without legal process, to re-enter the said premises, take possession thereof, and exclude the Buyer and all others therefrom, terminate this contract, and retain all sums paid hereunder, in lieu of rents." (Emphasis supplied.)

The memorandum of agreement was negotiated and signed for John A. McMahon by his father, John F. McMahon, his agent. John A. McMahon is an officer in the Armed Services and was not present at the time the memorandum of agreement was made and was absent from Boise a considerable part of the time involved in this action.

In accordance with the terms of the agreement, the appellant made the initial payment of $1,100.00 cash and moved into the premises on or about December 23, 1947. The respondents, Cooper, continued with the construction of the dwelling house and garage.

On January 5, 1948, the respondent, C. E. Cooper, sent the following letter, Plain-

tiff's Exhibit 6, to John F. McMahon, agent for appellant:

"January 5, 1948.

"Mr. John F. McMahon,
Agent for, John A. McMahon
915 Harrison Blvd.
Boise, Idaho
"Dear Sir:

"Pursuent to Paragaraph Six (6) in that certain contract for the sale of real estate dated the 18th day of November, 1947, this will serve as notification that all improvements are complete.

"Yours truly,

"C. E. Cooper

"/S/ C. E. Cooper"

On January 10, 1948, Ariel L. Crowley, as attorney for appellant, wrote a letter, Plaintiff's Exhibit 7, to the respondent, C. E. Cooper, as follows:

"January 10, 1948

"Mr. C. E. Cooper
c/o Fredricks & Jeppesen
Attorneys at Law
Fidelity Building
City
"Dear Mr. Cooper:

"On behalf of John F. McMahon, and John A. McMahon, 915 Harrison Boulevard, Boise Idaho, you are advised as follows:

"Your notice of January 5, 1948 reading as follows: 'Pursuant to Paragraph Six (6) in that certain contract for the sale of real estate dated the 18th day of November, 1947, this will serve as notification that all improvements are complete. Yours truly, C. E. Cooper /s/ C. E. Cooper', has been received.

"In response thereto, you are advised that the property has been carefully examined by a competent builder, to determine whether or not the contract has been complied with. The results of this examination show that you have broken the terms of the contract in the following among other particulars: (Listing 21 particulars of alleged incompleted or faulty construction.)

"The foregoing are the points which have brought to the attention of Mr. McMahon and his son. The foregoing list is not intended to exclude, and we do not thereby waive any other defects which may be found or which exist.

"By reason of the foregoing defects, and your notice that you have completed your contract, you are notified hereby that Mr. McMahon Sr. and Mr. McMahon Jr. do not accept the said work; that the same is not in accordance with your contract; that the real property as so improved, if the work done can be referred to as any improvement, is not acceptable, and is rejected.

"Upon my advice, you are notified hereby that the property will be vacated forthwith; that demand is made hereby for immediate return of all sums paid to you on

the purchase price of this property, and that unless refunded within five days appropriate suit for rescission of contract will be instituted.

"On behalf of Mr. John A. McMahon Jr., I hereby tender to you the reasonable value of the rent of the said property for the period occupied, which sum you may retain from the sums heretofore paid to you, not, however, exceeding the sum of $75.00 per month for the period occupied. In event of suit, the said sum will be tendered as in payment and restoration of the status quo. If you have any objection to that sum as a measure of rental value, kindly state the same. In event of suit, you will of course be held for all damages suffered, in addition to the return of the moneys paid, with costs and interest.

> "Yours very truly
>
> "/s/ Ariel L. Crowley
> Ariel L. Crowley
> Attorney for John F. McMahon
> Attorney for John A. McMahon."

Appellant vacated the premises on January 16, 1948, and turned over the key to the respondents, Cooper. Thereupon, said respondents listed the premises for sale and sold the same in March, 1948, for the sum of $10,000.00, to respondents, Glen E. Eldredge and Mary F. Eldredge, who negotiated a loan from the respondent, Provident Federal Savings and Loan Association, secured by a mortgage on the premises.

In the meantime, on January 26, 1948, this action was commenced by appellant to recover the initial payment on the contract of sale, and the reasonable value of permanent improvements placed on the premises by appellant; and to have a lien declared and foreclosed on the premises. A notice of pendency of action was filed for record on the same date in the office of the recorder of Ada County. Respondents, Cooper, filed an answer and cross-complaint, seeking damages for breach of contract in the sum of $1,250.00. Trial of the action by the court resulted in judgment for respondents, Cooper, for the sum of $150.00, being the sum of $1,250.00 damages less the $1,100.00 initial payment. From such judgment, the appellant has duly appealed to this court.

The controlling questions on this appeal are, (1), did respondents, Cooper, substantially complete the dwelling house, garage and other improvements set out in the contract in a good and workmanlike manner? And, (2), if they did not, did the letter, Plaintiff's Exhibit 6, of C. E. Cooper to the appellant, serving notice of completion of improvements, constitute a breach of a material provision of the contract?

The trial court made a general finding of fact that the defendants, Cooper, in a good and workmanlike manner, completed the dwelling house and all of the improvements and work set forth in the contract of sale. However, this conclusion of fact is modified and contradicted by

other and special findings of fact and by undisputed facts appearing in the evidence.

The court found that some of the door casings did not fit flush with the floor; that the back door did not fit; and that there were spots and discolorations on the basement floor; but further found that appellant had accepted such items. The court found that the cement floor in the garage had not been laid nor the garage fully painted; and that the sidewalk had crumbled and respondents had agreed to re-lay or repair the same; but the court further found that appellant had agreed that such work might be delayed until warmer weather. The evidence is undisputed that the painting on the house was not completed and no cupboards above the kitchen sink were installed. On the numerous other items of alleged defective workmanship and inferior materials, the evidence was in conflict and the court found against appellant.

The evidence discloses that appellant, in pursuance of the terms of the contract, made application to the Prudential Life Insurance Company for an F. H. A. guaranteed loan, and that after the report of the appraiser was made, the loan was rejected. Thereafter, the appellant made application to the First Security Bank of Idaho for a loan on the premises to be guaranteed by the Veterans' Administration, and procured a Veterans' Certificate of Eligibility. The appraiser for the Veterans' Administration made a final appraisal of the property in the early part of January, 1948. He found that there were not adequate cabinets in the basement apartment; that there was no closet in the bedroom; that there was only one coat of paint on the outside trim of the house; and other defects. He advised the First Security Bank not to disburse the loan until the house was completed. Afterwards, the loan was canceled.

The building inspector of the City of Boise inspected the premises and found that "the quality of the building was passing but just barely."

It will be noted that while the court found that appellant agreed to a delay in the completion of the garage and re-laying of the sidewalk, the court did not find that appellant agreed to accept the premises and pay the purchase price prior to the completion of these items and the other items admittedly not completed. It is evident that if appellant, upon receipt of notice of completion, should have accepted the premises, he would have been compelled to employ carpenters, painters and cement workers in order to fully complete the buildings and improvements called for by the contract.

We have reached the conclusion that, under the evidence and special findings of fact, the court's general finding that the respondents, Cooper, substantially completed their contract, cannot be sustained.

Let us next consider whether the premature notice of completion sent by

respondents, Cooper, to appellant, constituted a breach of a material provision of the contract. It must be borne in mind that we are not dealing with a building contract to erect a structure on land owned by appellant; nor are we dealing with a contract to make improvements extraneous to the premises and constituting an independent covenant. We are considering an executory contract of sale of real estate and the rights of vendor and vendee thereunder. The obligation of respondents, Cooper, to substantially complete the construction and installations in accordance with the contract was a condition precedent to the obligation of appellant to pay the purchase price. Elson v. Jones, 42 Idaho 349, 245 P. 95; Sorensen v. Larue, 43 Idaho 292, 252 P. 494; 12 C.J. 407; 15 C.J.S., Condition Precedent, p. 811.

 The notice of completion was unconditional and made no mention of or allowance for the items admittedly delayed or not completed. It was more than a mere demand for the payment of the purchase price. It was calculated to set in motion the forfeiture provisions of Section 6 of the contract whereby appellant's right to possession of the premises would be ended, the contract terminated and the initial payment forfeited. We are of the opinion that the giving of the notice of completion constituted a material breach of the contract.

Appellant was not in default at the time the notice of completion was given. He was entitled, upon the breach of the contract by respondents, Cooper, to rescind the contract and to recover the money paid thereon. 55 Am.Jur. 980; Newmyer v. Roush, 21 Idaho 106, 120 P. 464, Ann. Cas.1913D, 433; Hall v. Yaryan, 25 Idaho 470, 138 P. 339; Boyd v. Boley, 25 Idaho 584, 139 P. 139; Nelson v. Jardine, 46 Idaho 82, 267 P. 447.

 The suggestion of counsel for respondents that upon a mutual rescission of contract the vendee is not entitled to recover payments made thereunder unless it is so provided in the rescission agreement, as held in Holverson v. Evans, 38 Idaho 428, 224 P. 1067, is not in point in this case. Appellant elected to rescind the contract after breach by respondents, Cooper, and if the actions of such respondents be deemed an acquiescence in such rescission, the resultant situation would not be a mutual agreement of rescission contemplated by Holverson v. Evans, supra.

 Appellant is entitled to credit for the reasonable value of his permanent improvements, and is liable for such sum as the use of the premises during his occupancy was reasonably worth. Newmyer v. Roush, supra.

 Appellant is entitled to have the amount found due him declared a lien on the premises and to have such lien foreclosed. Section 45-804, I.C.; 66 C.J. 1497; 55 Am.Jur. 941. The sale to the respondents, Eldredge, and the mortgage to the respondent, Provident Federal Savings and

Loan Association, were made after the notice of pendency of suit was filed, and are inferior to appellant's lien.

The judgment is reversed and the cause is remanded with instructions: to determine the reasonable value of appellant's permanent improvements and the reasonable value of the use of the premises during his occupancy, taking additional testimony thereof if deemed necessary; and to enter judgment for appellant for the amount found due him in accordance with this opinion and declaring such amount, with legal interest, a lien upon the premises and foreclosing the same. Costs awarded to appellant.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.