218 P.2d 345

**NELSON et ux. v. HOFF et ux.**

**No. 7591.**

Supreme Court of Idaho.

May 10, 1950.

356

A. A. Merrill, Idaho Falls, for appellants.

Albaugh, Bloem & Hillman, Idaho Falls, for respondents.

PORTER, Justice.

On July 17, 1948, appellants and respondents entered into an agreement of sale covering certain real and personal property located in Bingham County. By the terms of such agreement of sale, respondents agreed to sell and appellants agreed to purchase 1880 acres of dry land, 37 acres of irrigated land and certain machinery used in farming such land. The agreed purchase price was $37,000.00. It had been computed at $30,000.00 for the lands and growing crops thereon, and $7,000.00 for the machinery.

By such agreement of sale, appellants agreed to pay and paid an initial payment of $5,000.00; agreed to pay an additional $5,000.00 on or before August 20, 1948; agreed to turn over to respondents one-half the proceeds of the crops growing on the premises, to be applied on the purchase

price; and agreed to pay the remainder of the purchase price in ten equal, annual installments.

The attention of appellants was first called to the land in question by an advertisement placed in an Idaho Falls newspaper on June 29, 1948, by D. V. Groberg, Realtors. Such advertisement stated that the land consisted of 1917 acres, 37 acres of which were irrigated and balance dry farm; "600 acres of which is in fall wheat. 800 acres ready for plainting this fall. 360 acres now being broken out of brush." Appellants then got in touch with D. V. Groberg, Realtors. The negotiations for the purchase and sale of the property were handled by the Groberg Company through their representative, Howard Price, as agent for respondents.

On or about July 5, 1948, Mr. Price took appellants out to the premises and they thereupon inspected the lands and the crops thereon. On or about July 8, 1948, appellants were again shown over the land and premises by Mr. Hoff, one of the respondents, and again they inspected the crops. Mr. W. H. Sorenson, of Salt Lake City, Utah, was a friend of appellants. He was a man of long experience in both dry land and irrigation farming. Appellants had Mr. Sorenson come from Salt Lake City and on July 17, 1948, appellants and Mr. Sorenson inspected the premises, the crops and the machinery. Thereupon Mr. Sorenson loaned to appellants the $5,000.00 with which to make the initial payment and agreed to loan them the $5,000.00 to be paid on August 20, 1948.

On or about July 25, 1948, appellants moved into a small house on the premises and proceeded to harvest the grain crops. They harvested approximately 300 acres of wheat and barley but did not turn over to respondents any of one-half the proceeds thereof except the sum of $150.56. Appellants did not make the $5,000.00 payment due on August 20, 1948. On August 28, 1948, appellants advised respondents that they were rescinding the contract and demanded back their initial payment of $5,000.00. Respondents refused to return such payment. Respondents, by mutual arrangement, had continued to live on the irrigated land and to care for the crops thereon. Appellants turned back to respondents the lands and machinery and moved off the premises.

Thereafter, appellants filed this action to have such agreement of sale canceled and to recover the $5,000.00 initial payment on the ground of fraud and misrepresentation. By their complaint, appellants alleged that in order to induce appellants to purchase said real and personal property, respondents and their agent, the D. V. Groberg Company, made certain false and fraudulent representations, well knowing the said representations were entirely false and untrue; and that appellants relied upon said representations and believed the same to be true.

The alleged false representations and alleged true facts as listed in the complaint may be summarized as follows:

A.  That there were 800 acres summer fallowed on said premises and that same were clean and free from weeds; whereas, there were only 600 acres summer fallowed which were foul with weeds.

B.  That there were 300 acres that had been plowed and broken up and were ready for planting winter wheat; whereas, none of said 300 acres had been plowed.

C.  That the wheat crop growing on said premises at the time of purchase would gross between $10,000.00 and $12,000.00; whereas, the crop growing on said premises could not be sold for more than $2,500.00.

D.  That respondents harvested 400 acres of winter wheat in 1947 which averaged 17 bushels to the acre and which was sold for $17,000.00; whereas, respondents did not harvest 400 acres of winter wheat and did not sell the same for $17,000.00.

E.  That the said dry land could easily be irrigated by means of deep wells which could be drilled and pumps installed for not to exceed $3,500.00 for each well; whereas, such wells could not be drilled short of $16,-000.00 per well.

F.  That the International combine harvester was in good condition except for a few minor repairs; whereas, said combine harvester was completely worn out.

G.  That the irrigated land was free from noxious weeds except for one or two small parts; whereas, the irrigated land was completely infested with morning glory and other noxious weeds.

H.  That respondents knew that appellants wanted to buy said property for the purpose of growing agricultural crops and especially dry-farm grain, and knew that said dry land was not adapted to growing wheat because of lack of moisture.

I.  That said real and personal property was not worth $37,000.00 but was worth no more than $9,000.00.

To appellants' complaint, respondents filed, in effect, a general denial. Upon the issues thus made, the case was tried to the court sitting without a jury. After trial, the court duly made and filed findings of fact and conclusions of law, and entered judgment for respondents. From such judgment, appellants have appealed to this court.

By assignments of error Nos. 1 and 2, appellants contend that the court erred in entering judgment against appellants for the reason that the weight of the evidence fully establishes that respondents and their agent misrepresented the premises to appellants in all the particulars alleged in the complaint.

In order for appellants to recover, it was incumbent upon them to plead and prove the particular representations that were made; that they were false and fraudulent and material; that appellants believed and relied on such statements; and acted upon the belief and with the understanding that such false and fraudulent representa-

tions were, in fact, true. Zounich v. Anderson, 35 Idaho 792, 208 P. 402; Kemmerer v. Pollard, 15 Idaho 34, 96 P. 206.

"Fraud will not be presumed and appellants had the burden of establishing all the elements of the fraud alleged by clear and convincing evidence." Lott v. Taylor, 60 Idaho 263, 265, 90 P.2d 975, 976. Also Green v. Bruck, 58 Idaho 401, 74 P.2d 85.

With respect to the alleged representations set out above in sub-paragraphs "B" to "I", inclusive, by its findings of fact, the court specifically found either that such representations were true, were not made, or were mere expressions of opinion; and found against appellants' contentions in all respects.

It would unduly lengthen this opinion to discuss the evidence upon which the court based such findings; suffice it to say that a careful examination of the evidence discloses that each of the court's findings in this respect is based upon substantial, competent, although conflicting, evidence. This court has frequently and uniformly held that findings of fact supported by competent, substantial, although conflicting, evidence, will not be disturbed on appeal. Crenshaw v. Crenshaw, 68 Idaho 470, 199 P. 2d 264; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585.

Appellant, Lorin Nelson, testified that he advised respondents and their agent that he was inexperienced in farming and with machinery, and would have to rely upon their advice. However, the evidence discloses that such appellant was raised on a farm, worked for several years as a cattle buyer and had lived for many years in the vicinity of both dry and irrigated farms. In connection with this issue, the court found that appellants did not rely upon any representations or estimates made by respondents and their agent, but relied upon their own investigations and upon the advice of Mr. Sorenson.

As to the allegations in sub-paragraph "A", above, the court found that respondents did represent that 800 acres of said premises were in summer fallow, but did not represent that said summer fallow was clean and free from weeds; and found that appellants and their adviser, Mr. Sorenson, inspected said summer fallow prior to the execution of the agreement of sale. The court further found that there were 679 acres of summer fallow but that the misrepresentation in regard to the number of acres was made by respondents without knowledge as to the truth or falsity thereof, and that appellants did not rely upon such misrepresentation, but acted solely upon their own investigations.

It appears from the record that the land summer fallowed was situated in two sections, was very irregular in outline and had never been measured nor surveyed until after this suit was instituted. Respondents did not knowingly misrepresent the number of acres in summer fallow; no concealment was involved; and the court found that respondents offered to plow the additional number of acres if a survey showed that the

360

actual number of acres plowed was short of 800 acres.

■ A party is not entitled to relief on the ground of false representations where he does not rely upon them but relies on his own judgment or investigations or his own examination of the property involved or on the advice of third persons. Smith v. Johnson, 47 Idaho 468, 276 P. 320; Breshears v. Callender, 23 Idaho 348, 131 P. 15; Sorrells v. Clifford, 23 Ariz. 448, 204 P. 1013.

■ A representation which is expressed and understood as nothing more than a statement of opinion, cannot constitute fraud, and this is especially true when the opinion expressed is honestly entertained. Smith v. Johnson, supra.

■ The land was purchased in bulk, part of it being in sagebrush, part in summer fallow and part in crop. It was not purchased at an agreed price per acre. The difference in value arising from the discrepancy in the amount of summer fallow was inconsequential in comparison with the total purchase price of the land and machinery. The court found that the property in question was reasonably worth the amount of the purchase price. The court did not err in concluding that the facts in this connection did not afford a basis for rescission of the contract. Bumpas v. Stein, 18 Idaho 578, 111 P. 127.

By assignments of error Nos. 4, 5, 6 and 7, appellants complain of certain rulings of the court in the admission or rejection of testimony. Without discussing such assignments in detail, it appears sufficient to say that after an examination of the evidence, we find no reversible error in the court's rulings.

By assignment of error No. 8, appellants complain "that the court erred in going outside the issues of the case and findings:

"A. That when respondents took the place back and harvested the crops it did not amount to a rescission of the contract.

"B. That appellants failed to account for the reasonable rental value of the property—because respondents filed no cross-complaint and the question of rental was not at issue.

"C. That the surrender of the premises on August 27, 1948, was too late to plant fall grain and spring grain could not be raised successfully, the ruling is against the evidence and no issue raised on this point by a cross-complaint."

■ The court was correct in holding that the action of respondents in taking the place back and harvesting the crops did not result in a mutual agreement of rescission or cancellation of the contract. McMahon v. Cooper, Idaho, 212 P.2d 657.

■ It is true that respondents did not raise the question of rental value by cross-complaint. However, it was the duty of appellants to account for the reasonable rental value, if any, of the property in the event they were entitled to recover. McMahon v. Cooper, supra; Newmyer v. Roush, 21 Idaho 106, 120 P. 464, Ann.Cas.1913D, 433.

■ It is true that the question of whether the surrender of the premises was too

late to plant fall grain, was not within the issues as made by the pleadings. However, the judgment is in no way dependent upon such finding. It was a finding upon an immaterial matter and may be treated as surplusage. The making of such finding did not constitute reversible error. In re Zeb's Estate, 67 Idaho 567, 189 P.2d 95; Howell v. Khan, 42 Idaho 277, 245 P. 86.

Assignment of error No. 9 merely reiterates appellants' contention that all the findings of fact and conclusions of law were against the weight of the evidence.

The judgment of the trial court is affirmed. Costs awarded to respondents.

HOLDEN, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.