383 P.2d 844

Russell W. ROBINSON and Margaret
Robinson, husband and wife,
Plaintiffs-Appellants,

v.

Virgil SPICER, as Administrator of the Estate of Lester Spicer, deceased and Bessie Spicer, widow of said decedent, Defendants-Respondents.

No. 9069.

Supreme Court of Idaho.

July 19, 1963.

Sidney E. Smith, Coeur d'Alene, for appellants.

Richard L. McFadden, St. Maries, for respondents.

KNUDSON, Chief Justice.

On September 20, 1957, appellants (plaintiffs) as purchasers entered into a written contract under the terms of which they agreed to purchase from Lester Spicer and Bessie Spicer, husband and wife (original defendants) as vendors, certain real and personal property for a total consideration of $42,250.00. The down payment consisted of a conveyance by appellants to vendors of a dwelling in Spokane, Washington, for which appellants were credited the sum of $8,000.00. Under the terms of the contract, after crediting the down payment, $10,000.-00 remained unpaid on the personal property which was to be retired by monthly payments of $125.00 each, plus interest, and an unpaid balance of $24,250.00 on the real estate which was to be paid at the rate of $70.00 per month, plus interest. Upon full payment of the amount payable for the personal property the monthly installment payments payable for the real estate were to increase to $145.00, plus interest.

Appellants went into possession of the property pursuant to said contract and on December 21, 1959, commenced this action for cancellation and rescission of said contract, alleging that respondents falsely and fraudulently represented to appellants:

(1) That 18 head of dairy cattle covered by the contract were purebred Holsteins, registered or capable of being registered with the Holstein-Friesian Assn. of America;

(2) That the land described in and subject of the contract would produce sufficient hay to feed a 40-head dairy herd;

(3) That the net dollar income per month from the dairy herd production was $1,-095.00;

(4) That all of the cultivated land, except 6 acres, was good ground and would raise four ton of hay per acre.

Vendors made answer denying said allegations and filed their cross-complaint seeking judgment requiring strict compliance with the contract or in the alternative

restitution of the property and damages, alleging, inter alia, default on the part of appellants in failing to make payments of principal, interest and taxes when due, as provided under the contract, and in failing to take proper care of the property covered by the contract.

Prior to the trial of this action, which commenced February 1, 1961, defendant Lester Spicer died. Pursuant to stipulation of counsel for the parties it was ordered that Virgil Spicer, as administrator of the estate of Lester Spicer, be substituted as one of the defendants.

Trial was had before the court sitting without a jury. Judgment was entered denying appellants any relief under their complaint and awarding judgment in favor of respondents under their cross-complaint. Under the judgment appellants were granted thirty days within which the bring all delinquencies under the contract to date and in the alternative the contract to be declared forfeited and respondents restored to possession of the property involved. This appeal is from said judgment.

Under their amended complaint appellants prayed for rescission of the contract or damages, however, at the close of the introduction of evidence relative to their case in chief, appellants made their election as follows:

"MR. SMITH: If the Court please, at this time, the plaintiffs will rest their case, and at the same time I would like to make a motion for the record that the plaintiffs elect under the pleadings of the complaint for rescission rather than for relief in damages.

"THE COURT: The plaintiffs are voluntarily electing to proceed under the rescission theory instead of damage theory.

"MR. SMITH: And with that, we rest."

Thereby appellants voluntarily limited the issue raised by their complaint to appellants' contention that they were entitled to rescission of the contract upon the ground of false and fraudulent misrepresentation on the part of respondents.

Under appellants' first assignment of error they complain that the court disregarded evidence establishing that they relied upon "misrepresentations" of respondents when entering into the contract.

■ Notwithstanding the allegations in appellants' amended complaint that to induce appellants to enter into the contract defendants falsely and fraudulently represented the quality of the ground described in the contract and the net income per month from the dairy herd production, no substantial evidence was introduced to support such allegations and the trial court properly found that no such false representations were made.

As to the other alleged misrepresentation that 18 head of the cattle described in the contract were registered Holsteins, the court found:

"That the defendant Bessie Spicer had no knowledge of the fact of the improper or irregular registeration of said cattle; that if the defendant, Lester Spicer, did, in fact, have actual knowledge of said improper registerations, or was negligent to the extent that it was tantamount to having such knowledge. at the time the representations with respect to said registery was made, the plaintiffs did not in fact rely upon such representations, and said representations were not sufficiently material and substantial to warrant recision of the contract."

The record discloses that following some investigation and hearings the Holstein-Friesian Association determined that the animals were not entitled to registration although certificates of registration had been issued as to some.

It is clear that the trial court was convinced that Mrs. Spicer had no knowledge of improper or irregular registration of the cattle and made no misrepresentations regarding them. It is equally clear that the court·was not convinced that Lester Spicer had actual knowledge of any improper registration.

In cases such as this where a party alleges fraudulent misrepresentations as grounds for rescission of a written contract it is the burden of the party alleging the fraud to establish all of its essential elements by clear and convincing evidence. Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345; Scogings v. Love, 79 Idaho 179, 312 P.2d 570; Lott v. Taylor, 60 Idaho 263, 90 P.2d 975.

Appellants do not argue that the evidence establishes fraud in a clear and convincing manner, but that it does establish "that either the defendants knew the representation was false or acted in such a negligent manner as to be charged with responsibility." The evidence to which appellants refer as supporting their charge of ·fraud is the evidence showing that Lester Spicer had control of the records and that the applications for registration were made by him.

In refutation of the claim of fraud respondents point out that there was no attempt whatever on their part to conceal any information regarding the property involved either before or after the contract was executed; that the barn book, certificates and other records kept by respondents were at all times subject to examination by and regularly turned over to appellants; that Lester Spicer had suffered a heart attack about June 10, 1955, and some of the records were made by people other than

Lester Spicer and by reason of his illness entries were made in reliance upon information furnished by others.

It would unduly lengthen this opinion to quote or refer to all the evidence introduced relating to the registration of the cattle involved. The trial court did not find that respondents had intentionally misrepresented any fact as to the property described in the contract and we cannot say that the evidence is clear and convincing that they did.

Appellants complain regarding the court's finding that the appellants did not in fact rely upon the representation that a number of cattle were registered. It is true that appellant, Russell Robinson, testified that such representation induced him to enter into the contract. However, the record contains other convincing evidence supporting the court's finding that the matter of paramount importance to appellants was the milk production of the herd and not whether the whole or any part thereof was registered. In fact the action of appellants in purchasing and using a recognized beef type Angus bull with their herd strongly indicates that they were not concerned with continuing any pureblood progeny of the Holstein breed as far as their herd was concerned. The purchase of the Angus bull took place on November 4, 1958, which was about 13 months after appellants took possession of the herd and

more than one year prior to the issuance on November 30, 1959, of the "Findings and Decision of the Executive Committee" of the Holstein-Friesian Association of America canceling the certificates of registry of the animals involved. Appellants continued to use said bull until after this action was commenced.

Error is assigned to the court's finding that the representation as to registry was not sufficiently material and substantial to warrant rescission of the contract. The general rule applicable to this contention is stated in 12 Am.Jur. 1020, § 440, as follows:

"A breach which goes to only a part of the consideration, in incidental and subordinate to the main purpose of the contract, and may be compensated in damages does not warrant a rescission of the contract; the injured party is still bound to perform his part of the agreement, and his only remedy for the breach consists of the damages he has suffered therefrom. A rescission is not warranted by a mere breach of contract not so substantial and fundamental as to defeat the object of the parties in making the agreement."

In Huggins v. Green Top Dairy Farms, 75 Idaho 436, 273 P.2d 399, this Court had under consideration an application for rescission of a contract and stated:

"A breach, if one existed, was only incidental and subordinate to the main

purpose of the contract, and a rescission is not warranted by a mere breach not so substantial and fundamental as to defeat the object of the parties in making the contract."

In Beam v. Green, 208 Okl. 10, 252 P.2d 444, the Supreme Court of Oklahoma stated:

"The rule is well established that there must be a breach of the main purpose of the contract to entitle one to rescind."

In Walton v. Denhart, 226 Or. 254, 359 P.2d 890, the Court stated: "that a rescission is not warranted where the breach is not substantial and does not defeat the object of the parties."

■ The court in this case found "that the difference in price paid by the plaintiffs for the so-called registered animals involved as against unregistered animals is so small that it cannot be deemed sufficiently material and substantial to warrant granting a rescission therefor."

Considerable evidence was introduced tending to prove the difference in value of a registered animal and one that is neither registered nor eligible for registration. Exhibit "J" is a part of the evidence in this regard which reveals the prices assigned by the parties to the contract to the respective items of personal property sold under the agreement, including the livestock. This exhibit shows that the parties recognized a difference in value between the registered and grade cows in the amount of $50.00 each as to only eight cows. Notwithstanding appellants' contention that the figures shown in said exhibit were used only for income tax purposes, the record contains considerable additional competent evidence to the effect that $50.00 per cow is a fair appraisal of the difference in value between a registered and a grade cow of equal quality in milk production.

The trial court was clearly justified in concluding that any other damage or injury complained of by appellants was not caused by any misrepresentation on the part of respondents, but was occasioned by decline in milk prices "and by plaintiffs becoming involved in a 'milk war' with the Spokane Milk Producers Association, thereby losing the milk base, and the primary market for milk in this particular area."

■ It is claimed that the court erred "in disregarding offer by plaintiffs to restore defendants in substantially the same position as they were prior to entering the contract." In this connection the court found:

"That further, it is impossible under the facts of this case for the plaintiffs to restore the defendants to 'status quo', for the reason that the herd has

been materially altered by the use of the Angus Bull; that the silage and hay on the premises at the time of the transfer of possession have been utilized by the plaintiffs; that the milk base which had been established by the defendants is no longer in existence; kane which were conveyed to defend- that the residential premises in Spo- ants as a down payment have been materially remodeled and repaired; that for the foregoing reasons 'status quo' can not be established between these parties."

A careful examination of the evidence discloses that the court's findings in this respect are based upon substantial, competent, although conflicting, evidence. This Court has uniformly held that findings of fact supported by such evidence will not be disturbed on appeal. Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345; Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264; Checketts v. Thompson, 65 Idaho 715, 152 P.2d 585.

There is also substantial competent evidence to support the trial court's finding that:

"the value of the dairy ranch as a whole, including the herd, the land, the improvements thereon, hay, silage, and other property included in the contract of sale was equal to, and in fact exceeded the purchase price provided in the contract."

Appellants' assignment claiming that "the Court erred in failure to reopen the trial to admit new evidence or grant a new trial" is without merit. No appeal was taken from any order or action of the district court except from the judgment entered. We have considered each of the other assignments of error claimed by appellants and conclude that no reversible error was committed in the trial of this action.

Appellants voluntarily elected, in the trial court, to seek relief under the theory of rescission rather than in damages. Thus appellants waived any claim for damages. It is the established rule in this jurisdiction that issues not raised in the trial court cannot be presented to this Court on appeal, and the parties will be held to the theory upon which the cause was tried in the lower court. Smith v. Shinn, 82 Idaho 141, 350 P.2d 348; Shipman v. Kloppenburg, 72 Idaho 321, 240 P.2d 1151; Wormward v. Taylor, 70 Idaho 450, 221 P.2d 686; Webster v. Potlatch Forests, Inc., 68 Idaho 1, 187 P.2d 527; Shepherd v. Dougan, 59 Idaho 465, 83 P.2d 468; Brown v. Hardin, 31 Idaho 112, 169 P. 293; Smith v. Sterling, 1 Idaho 128.

The judgment of the trial court is affirmed. Costs to respondents.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.