398 P.2d 226

Dennis McKENNEY, Plaintiff-Appellant,

v.

Harold ANSELMO and Barbara J. Anselmo,
husband and wife, Defendants-Respondents.

No. 9501.

Supreme Court of Idaho.

Jan. 12, 1965.

McNaughton & Sanderson, Coeur d'-Alene, for appellant.

Bandelin & Cogswell, Sandpoint, for respondents.

McFADDEN, Justice.

This is an appeal from an order of the trial court sustaining respondents' motion to dismiss appellant's complaint for failure to state a "cause of action upon which relief can be granted." The order of the district court recited:

"IT IS HEREBY ORDERED That the Complaint of the plaintiff be dismissed on the ground that the same does not state a cause of action upon which relief can be granted."

The record does not disclose that appellant made any attempt to amend his complaint after the order of dismissal was entered. No judgment of dismissal, as such, aside from the order of dismissal, has been entered, and the question is presented whether this is an appealable order. It is clear that the trial court completely determined that the appellant had no right of action. The appellant, by appealing and not seeking leave to amend, is here considered as having elected to stand on his complaint. Respondents in their brief and argument have treated the order of dismissal as a final judgment terminating the litigation. Thus, the order of dismissal is considered a final judgment as contemplated by I.C. § 13–201. See: National Van Lines, Inc. v. United States, 326 F.2d 362 (7th Cir. 1964); People of the United States ex rel. Kelly v. Bibb, 255 F.2d 772 (7th Cir. 1958); Asher v. Ruppa, 173 F.2d 10 (7th Cir. 1949).

Under the Idaho Rules of Civil Procedure a motion to dismiss the complaint because it fails to state a claim upon which relief can be granted (Rule 12(b) (6), I.R.C.P.) admits the facts alleged in the complaint but challenges the plaintiff's right to relief. Williams v. Williams, 82 Idaho 451, 354 P.2d 747 (1960). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782 (1960); Williams v. Williams, supra.

Language in the case of Asher v. Ruppa, supra, is appropriate to the case at hand. There the court said:

"Plaintiffs are not required to plead all their evidence, and under the rules of civil procedure there is no pleading requirement of stating facts sufficient to constitute a cause of action; indeed, the only requirement is that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief'. Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. [Note: Idaho Rules of Civil Procedure, rule 8(a) (2) is identical to Federal Rules of Civil Procedure, rule 8(a) (2).] The law is now settled that upon motions to dismiss a complaint on the ground that it does not state a claim upon which relief can be granted, the complaint should be construed in the light most favorable to the plaintiff, with all doubts resolved in his favor and the allegations accepted as true. [Citing authority] And if, in view of what is alleged, it reasonably can be conceived that plaintiff can upon the trial make a case which would entitle him to some relief, the complaint should not be dismissed. [Citing authority]"

Appellant brought this action in the district court to condemn a roadway across respondents' land pursuant to I.C. § 7–701 (5), which provides:

"Subject to the provisions of this chapter, the right of eminent domain may be exercised in behalf of the following public uses:

\* \* \* \* \* \*

"5. By roads, leading from highways to residences and farms."

In paragraph 1 of his complaint, appellant alleges "that a portion of said lands [appellant's property] can be and have in the past been cultivated and that said property was for many years resided upon as a farm." The appellant also alleges in paragraph V "that it is necessary that the plaintiff have a road leading from the public highway to his said farm and timber lands \* \* \*." Whether the appellant can prove that his property is a "farm" within the provisions of I.C. § 7–701(5) is not for us to decide.

The respondents argue that the allegation in the complaint that there are two other roads leading from highways to appellant's property forecloses the appellant from any further relief. However, the appellant also alleges that these two roads are old logging roads, which are badly eroded and impassable during the winter months and wet periods. Whether the appellant already has a reasonably convenient way to his property is a question of fact to be de-

termined from the evidence by the trior of the facts. Eisenbarth v. Delp, 70 Idaho 266, 215 P.2d 812 (1950).

Accepting as true the allegations of the appellant's complaint, we conclude that appellant may be able to prove facts which would entitle him to relief. The cause is reversed with instructions to reinstate the plaintiff's complaint.

Costs to appellant.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.