416 P.2d 509

Dennis McKENNEY, Plaintiff-Appellant,

v.

Harold ANSELMO and Barbara J. Anselmo, husband and wife, Defendants-Respondents.

No. 9781.

Supreme Court of Idaho.

July 15, 1966.

McNaughton & Sanderson, Coeur d'Alene, for appellant.

Bandelin & Cogswell, Sandpoint, for respondents.

SPEAR, Justice.

Appellant, Dennis McKenney, brought this action in district court, Bonner County, to condemn a road right-of-way across respondents Harold and Barbara J. Anselmo's property pursuant to I.C. § 7–701 (5) which provides that by-roads leading from highways to residences and farms may be condemned for public use. McKenney maintains that a "road" which cuts across the Anselmos' property affords the single all-year vehicular access to that property owned by him. The district court concluded however that appellant's property was neither used as a farm nor a residence such that this present action could successfully be prosecuted under the statutory authorization granted by virtue of I.C. § 7–701(5) and further found that two other pre-existing roads provided appellant the needed practical access from a public roadway. Judgment thereupon was entered for the Anselmos. McKenney then undertook this appeal to the supreme court.

This is the second appeal filed in this case. Earlier the supreme court, in McKenney v. Anselmo, 88 Idaho 197, 398 P.2d 226, reversed the judgment of the district court dismissing the action for failure to state a claim for which relief might be granted and the case was remanded for a trial on the issues, from which proceeding this appeal has been prosecuted.

Appellant's property generally occupies a north-south draw with mountainous terrain on all sides except the south which opens onto the relatively level land of respondents. The property is an 80-acre tract of land in Bonner County, described as the West Half of the Southeast Quarter of

Section 6, Township 56 North Range 3 W.B.M., which is chiefly valuable for the approximate 150–200,000 board feet of merchantable timber found thereon. Portions of the property had been cultivated for farm purposes and used for grazing by the previous owners, but this was more than ten years ago. The property in fact could accommodate only a small farm operation and is apparently not especially valuable for grazing land. Buildings still standing on the property are of old log construction and are now in a complete state of disrepair, it having been some 21 years since anyone has used the buildings.

Appellant does not live on the property and has never lived on the property. Since his purchase of the land in May 1963 nothing has been done with the property, though appellant claims that this has been so because practical access to the property has never been available to him. At one point appellant testified that he would like to develop the house which though delapidated still stood on the property and further develop the cultivated and grazing portions of the tract, but later conceded that he couldn't tell if he intends to live on the property and use it as a residence and farm. The record shows that appellant has never farmed, and has no farm implements or farm animals; that his principal occupation is that of consulting forester and land investor; and that appellant received a college degree in forestry from the University of Washington.

The "road" across respondents' property sought to be condemned was originally the trackbed of an old logging railroad and is practically level and only about seven-eighths of a mile in length from appellant's property to the connecting public highway. That portion of respondents' property over which this roadway runs is grazing land for cattle and is fenced. Principally, objection is made to the proposed roadway because it would divide respondents' pasture area into two separate sections, which would therefore require additional fencing stretching along both sides of the roadway,

and because it would otherwise interfere with and damage the cattle operation of respondents.

Two other existing roads provide access to appellant's property. The first, called the Wrencoe Loop Road, traverses both private and public land holdings and stretches across the mountains to the north-northeast of appellant's property. The second, named the Johnson Creek Road, cuts across private lands (including a portion of respondents) and runs over the mountains to the southeast of appellant's tract. Both are old logging roads and are, appellant asserts, badly eroded, impossible to properly maintain from year to year and often totally impassable especially during the winter months and wet periods. The length of each road from appellant's property to the connecting public highway is approximately two miles.

McKenney tried shortly after the purchase of his property to obtain from respondents the right to use the "roadway" which ran across their property and connected his property with a public road. Harold Anselmo however told McKenney that he was not interested in granting such right-of-way and further negotiation was precluded. The father of Harold Anselmo had given the property's previous owners the right to use this roadway but no written easement was ever given. This arrangement with the previous owners was continued after respondents became owners. Appellant however was refused the use of this roadway and although he does not have an easement over either the "Wrencoe Loop Road" or the "Johnson Creek Road," he has never been denied the use of either road.

The district court specifically found that the proposed roadway across the Anselmo property was the most adequate and convenient access to appellant's property, but concluded that the damage such road, if opened for use, would do respondents' property and cattle industry far outweighed any inconvenience and expense to which appellant would be put in going over either

of the other two roads now open to him. Such finding was made after all the evidence had been heard and after the trial judge, in the presence of both parties and their counsel, had traveled over and observed the roads and properties across which the roads ran.

Ten assignments of error have been alleged. In viewing the assignments of error however it is apparent that only three principal questions thereby have been raised. First, the claim is made that the trial court erred in finding that two other existing roads, namely, the "Wrencoe Loop Road" and the "Johnson Creek Road" are available to appellant for access to his lands since: (a) neither offer appellant a reasonable and practical access between his property and a public road as compared with the right-of-way sought to be condemned, or at all; (b) appellant does not have a right-of-way easement across any of the several parcels of private and/or public land traversed by each of the two roads.

■■■ Under the rule clearly set forth in Eisenbarth v. Delp, 70 Idaho 266, 215 P.2d 812, appellant was required to show that the two pre-existing roads which were available to him for access to his property were not reasonably adequate or were so insufficient that condemnation of the proposed roadway across respondents' land was reasonably justified. The district court concluded that appellant had not in this respect sustained his burden of proof. Whether existing roads constitute a reasonably convenient way to a residence or farm is a question of fact to be determined from the evidence. This rule indeed was enunciated in the first appeal filed in this case. McKenney v. Anselmo, supra. With the trial court then was placed the duty to balance the relative situations pro and con as to the respective convenience, inconvenience, costs and all other pertinent facts in order to determine whether a reasonable necessity existed for the taking of respondents' land where appellant already has available two other existing roads, though both are longer than the proposed roadway. Eisenbarth v. Delp, supra. The finding made by the trial court that appellant did not prove reasonable necessity, the record discloses, is supported by substantial, competent, though conflicting, evidence and such finding therefore will not be disturbed upon appeal. Fairchild v. Mathews, 91 Idaho 1, 415 P.2d 43 (1966); Meridian Bowling Lanes, Inc. v. Brown, 90 Idaho 403, 412 P.2d 586; Jackson v. Blue Flame Gas Co., 90 Idaho 393, 412 P.2d 418; Nichols v. Knowles, 87 Idaho 550, 394 P.2d 630; Freedman v. Hendershott, 77 Idaho 213, 290 P.2d 738; Edgeller v. Johnston, 74 Idaho 359, 262 P.2d 1006. This well established rule equally applies to eminent domain proceedings. Big Lost River Irrigation District v. Zollinger, 83 Idaho 401, 363 P.2d 706; State ex rel. Rich v. Sweet, 82 Idaho 191, 351 P.2d 230. The trial court, it must be noted additionally, viewed the premises and had the advantage therefore of correlating the evidence to the situation on the ground. Eisenbarth v. Delp, supra.

The evidence sustains the trial court's finding that appellant had failed to prove the necessity required to entitle him the rights of condemnation for a road right-of-way across respondent's property under the provisions of I.C. § 7–701(5).

■■■ The fact appellant does not have an actual easement over either of the two existing roads (the Wrencoe Loop and Johnson Creek Roads) does not alter the result reached by the trial court where right to use both roads has never been denied appellant.

Secondly, appellant claims the trial court erred in finding the property of appellant was not being used as a residence or farm within the meaning of the provisions of I.C. § 7–701(5), because (a) such finding is contrary to the evidence, for it allegedly disclosed that plaintiff's property was being used as a "tree farm"; and (b) such finding places an unreasonably restricted interpretation on the meaning of the word "farm."

■ Concerning the factual question, it must be noted appellant claims that he *may* use the property as a farm or residence. The evidence does not support the view that appellant *plans to use* the property as a farm or residence. Appellant also claims that the land *may* be used as a tree farm and that the word "farm" as used in the statute should encompass such tree farm. Again however there was no definite evidence adduced to show appellant had *the present intention to use* the property for the purpose of a tree farm. Additionally, the trial court made no finding that the statutory provision is applicable solely to an operative farm, but appellant's contention that his property may be used as a farm or residence or a tree farm is much too remote or abstract to permit condemnation under I.C. § 7-701(5).

The applicable rule of statutory construction is set forth in 26 Am.Jur.2d, Eminent Domain, § 18, pp. 659-661 and essentially is as follows:

■ A grant of the power of eminent domain, which is one of the attributes of sovereignty most fraught with the possibility of abuse and injustice, will never pass by implication; and when the power is granted, the extent to which it may be exercised is limited to the express terms or clear implication of the statute in which the grant is contained. In other words, statutes conferring the power must be strictly construed. Clear legislative authority must be shown to justify the taking. Authority cannot be implied or inferred from vague or doubtful language. When the matter is doubtful, it must be resolved in favor of the property owner.

See also City of Phoenix v. Donofrio, 99 Ariz. 130, 407 P.2d 91 (1965).

The common definition of the word "farm" is found in Mattison v. Dunlap, 191 Okl. 168, 127 P.2d 140 (1942).

■ Where, however, recovery under the statute must be denied appellant because of his failure to prove the necessity for the condemnation of the proposed roadway, the issue of whether or not a "tree farm" comes within the statutory definition of a "farm" does not require our attention. 30 C.J.S. Eminent Domain § 361, pp. 334-335; Naccarato v. Village of Priest River, 68 Idaho 368, 195 P.2d 370.

Lastly, appellant maintains that the court erred in not concluding that the appellant would be entitled to condemn the roadway under the provisions of Art. 1, Sec. 14, of the Idaho Constitution, regardless of whether he relied upon and failed to bring himself within the requirements of I.C. § 7-701(5) where he proved the reasonable necessity for such roadway. Relief predicated on this theory was not pleaded but it is urged that appellant may recover upon any theory legally sustainable under the established facts regardless of the demand of the pleadings. Further, the constitutional provision, it is claimed, is self-executing and the condemnation of a by-road across private lands to connect privately owned property with a public highway for the complete development of the material resources, i. e., lumber, of the state is within the constitutional grant.

■ The timber of this state is a material resource and where that resource cannot be completely developed without the exercise of the power of eminent domain that power may be lawfully exercised. The fact that the use may be for private benefit is immaterial since the controlling question is whether the use is for the complete development of the material resources of the state. Bassett v. Swenson, 51 Idaho 256, 5 P.2d 722; Codd v. McGoldrick Lbr. Co., 48 Idaho 1, 279 P. 298, 67 A.L.R. 580; Blackwell Lbr. Co. v. Empire Mill Co., 28 Idaho 556, 155 P. 680; Potlatch Lbr. Co. v. Peterson, 12 Idaho 769, 88 P. 426. Art. 1, Sec. 14, of the Idaho Constitution is self-executing in the sense that the nature of the use required is established and constitutes a grant of the power of eminent domain in behalf of the uses therein expressed. Legislative action other than the appropriate procedural machinery through which the right may be applied is not re-

quired. See Bassett v. Swenson, supra; Blackwell Lbr. Co. v. Empire Mill Co., supra. The necessary procedural machinery is found in the provisions of Title 7, Chap. 7 of the Idaho Code.

We conclude that appellant has not in fact established sufficient evidence for the record such that recovery could possibly be granted upon the theory for the first time now raised on appeal. See J. I. Case Company v. McDonald, 76 Idaho 223, 280 P.2d 1070; Land Development Corp. v. Cannaday, 74 Idaho 233, 258 P.2d 976; Towne v. Northwestern Mut. Life Ins. Co., 58 Idaho 83, 70 P.2d 364. The finding, supported by competent evidence, that appellant has available two existing roads which provide practical access to his property would appear to preclude a ruling that the proposed roadway is reasonably necessary for the removal of timber from appellant's property. Foreclosure of this issue is not however based on the above ground. Appellant sought recovery under Sec. 7-701(5) and both parties tried the case upon that theory. Under this circumstance appellant cannot now present as error on appeal to the supreme court the failure to find for appellant on another theory. 30 C.J.S. Eminent Domain § 351, p. 298. See also Frost v. Mead, 86 Idaho 155, 383 P.2d 834; Robinson v. Spicer, 86 Idaho 138, 383 P.2d 844; Clear v. Marvin, 86 Idaho 87, 383 P.2d 346. This firmly established rule we think has a special significance in condemnation proceedings such as the present suit. Condemnation or the power of eminent domain is a unique remedy in the law. The condemnor must specifically disclose the purpose for which he is seeking to condemn the property to bring himself within the constitutional provision and the statutory provisions of Title 7, Chap. 7 of the Idaho Code and entitle him to maintain his condemnation proceeding. See Idaho, etc., Ry. Co. v. Columbia, etc., Synod, 20 Idaho 568, 581-582, 119 P. 60, 64, 38 L.R.A.,N.S., 497. Appellant cannot accordingly now on appeal set forth a purpose or reason for condemnation different than that upon which the case was heard.

Appellant's assignments of error are without merit and judgment for the respondents is affirmed. Costs to respondents.

McFADDEN, C. J., McQUADE and TAYLOR, JJ., and TOWLES, District Judge, concur.