(December 10, 1902.)

## CASTLEBERRY v. HAY.

[70 Pac. 1055.]

CONTRACT OF SALE—BOND FOR TITLE—FORFEITURE—EQUITY.—In case of sale of lands whose value is not precarious nor fluctuating, and the execution of a bond for title by the vendor to the vendee, and part payment of the purchase price by the vendee, who takes possession of said land under the contract, equity will not declare a forfeiture against the vendee, in the absence of any stipulation for a forfeiture in the contract, and the contract does not in terms make time of the essence of such contract.

(Syllabus by the court.)

APPEAL from District Court, Kootenai County.

Charles L. Heitman, for Appellants.

The essential elements which constitute a *bona fide* purchaser are three, to wit: 1. The payment of a valuable consideration; 2. The absence of notice of the rights of another party; 3. And the presence of good faith. (2 Pomeroy's Equity Jurisprudence, sec. 745.) Under the statutes of Idaho no parol agreement to convey land can be enforced, and where there is a written agreement, any valid extension of the time mentioned in said agreement must also be in writing, otherwise the same objection applies to the extension of time. (Idaho Rev. Stats., sec. 6004, subd. 5; *Platt v. Butcher,* 112 Cal. 634, 44 Pac. 1060; Waterman on Specific Performance, sec. 487.) The new contract, if it can be called a contract, in which it was verbally agreed that plaintiff might have the land within thirty days, if he paid the money, was void under the statute of frauds, because not in writing. There can be no question of part performance under this second contract, because the plaintiff paid nothing upon it, and possession of the land was not given to him under this new contract. A parol sale of land without delivery of possession is void, though part of the price was paid, and it is immaterial that the contract was a renewal of one under which possession had been delivered to the purchaser, the former contract having been mutually abandoned. (Pomeroy's Equity Jurisprudence, sec. 1409; *Maxfield v. West,* 6 Utah, 327, 23 Pac. 754.)

Willis Sweet, for Respondent.

The contention of the respondent is that the transaction described in the complaint was a sale. Under the terms of the transaction, the respondent took possession of the property. Defendant Wells admits delivery of possession in his answer. Again the terms of the alleged bond are: "Witnesseth, that the party of the first part [appellant] . . . . has bargained and sold unto the said party of the second part," etc. By the terms of the instrument then, the transaction was a "bargain and

sale"; and delivery of possession is admitted by the answer as pleaded in the complaint. The transaction was not an agreement to sell; it was a "sale," and was followed by an immediate delivery of the possession of the premises, a possession open and notorious in its character, and under which respondent at once leased a portion of the premises and received the rents therefor. What remained to complete the transaction? To vest title in the respondent, free of all conditions? Simply the payment of $350, and as security for the sum, the appellant, Wells, was to hold the deed until the money was paid. This makes of the instrument in question a mortgage, and, as we view the original acts of the parties, and read the contents of the document itself, it is impossible to make anything else out of it. (3 Pomeroy's Equity Jurisprudence, secs. 1192, note 2, 1193, note 1; 1195; 1188, note 1 giving view of California courts, 1191; 1 Jones on Mortgages, secs. 20, 60.) The right to redeem: If it be conceded that the instrument upon which this action is based is in equity a mortgage, then the respondent could not be deprived of, nor waive his right to pay the debt and clear his title. (2 Jones on Mortgages, secs. 1038, 1039; 3 Pomeroy's Equity Jurisprudence, secs. 1193, 1219.) Appellant contends that respondent lost his right of redemption by giving up the bond. We have already shown that respondent could not waive his right to redeem; nor did he intend to. Equity abhors a forfeiture, nor will it be allowed, especially under the mistake testified to by respondent. Indeed, the extension of time by Wells to Castleberry was, if anything, a waiver of the forfeiture, could it be held that a forfeiture was possible under the contract. (1 Pomeroy's Equity Jurisprudence, secs. 381, 382, 433, 451, 455, 456; *Steele v. Branch,* 40 Cal. 6.)

QUARLES, C. J.—This action was commenced by the respondent, as plaintiff in the court below, to obtain a judgment for the specific performance of the contract of sale and bond for a deed, executed by the appellant Wells to said respondent on the twenty-seventh day of March, 1901, wherein said appellant Wells undertook and agreed, for and in consideration

of the sum of $400, fifty dollars of which was there and then paid, and the further sum of $350 to be paid on or before the first day of November, 1901, to convey to said respondent those certain lands described in the complaint herein and in said bond for a deed. After reciting the consideration and agreement of the parties and describing said lands, the said bond for a deed sets forth the conditions thereof in the following words, to wit: "Now, therefore, if the party of the second part shall make the above payment as hereby agreed to, said party of the first part hereby binds himself, his heirs and administrators, in the sum of $400, to make a good and sufficient deed to the land above mentioned unto the said party of the second part." The said bond was executed and acknowledged in the manner required by statute for the execution and acknowledgment of conveyances of land by the appellant Wells on the twenty-seventh day of March, 1901, and there and then delivered to the respondent. The complaint, after alleging the contract between the parties and the execution of said bond, alleged that in October, 1901, respondent and said appellant Wells, for a valuable consideration, mutually agreed to extend the time of payment of such balance until about the first day of December, 1901; that before commencing this action said respondent tendered to said Wells the entire amount of said purchase money unpaid, with interest thereon, and demanded a deed to said premises, and that said appellant Wells refused to accept said purchase money, and refused to execute and deliver to the respondent a deed to the said lands; that appellant Wells fraudulently, and for the purpose of depriving plaintiff of said land, and without consideration, had conveyed same to the appellant Hay. The complaint also alleged that the appellant Hay, at the time of taking conveyance to said land from the appellant Wells, had actual notice of all of the facts relating to the execution of the said contract and bond. The complaint also alleged that respondent, at the time of the execution of said bond for a deed, and the time of making part payment of said purchase price, with the knowledge and consent of the appellant Wells, entered into the possession of said lands, and was in the actual

possession of them at the time of the conveyance by appellant Wells to the appellant Hay, all of which facts were well known by said appellant Hay; and that the appellant Hay and appellant Wells fraudulently colluded together for the purpose of cheating and defrauding the plaintiff out of said lands. The appellants answered separately, the appellant Wells alleging in his answer that the respondent had failed and refused to pay the balance of the purchase price of said lands, and that he had surrendered and released the said bond for a deed, and surrendered the possession and control of said lands to appellant Wells. Appellant Hay, in his answer, denies all the material allegations of the complaint. The cause was tried by the court without a jury, and findings of fact were made by the court in favor of the respondent upon all of the material issues in the action, whereupon judgment for the specific performance of the contract between the parties as prayed in the complaint was duly made, rendered, and entered in the action, from which appellants have appealed. All of the evidence in the case is contained in the bill of exceptions.

The appellants specify twenty-four errors of law occurring during the trial, ten of which relate to the admission of evidence offered on behalf of the respondent at the trial; the remaining fourteen of which relate to the action of the court in making its findings of fact and conclusions of law. We have carefully examined the evidence in this case, and are of the opinion that the findings are supported by the evidence, and are within the issues made by the pleadings, and support the judgment. We deem it unnecessary to consider *seriatim* all of the objections of appellants to the introduction of evidence and the assignments of error based thereon. Many of the questions raised by counsel and urged with much force and learning become immaterial, in our opinion, under our construction of the contract. No clause of forfeiture was contained in the bond for a deed. Time was not made of the essence of the contract. There is nothing whatever in the contract itself which shows that it was intended that time should be of the essence of the contract. It therefore becomes immaterial

whether the oral agreement extending time of payment is within or without the statute of frauds. Respondent had paid a portion of the purchase price, and had entered into the possession of the land. It is true that he did not pay the balance of the purchase price at the day named in the bond, but, in the absence of any condition in the bond forfeiting his right to the deed upon failure to pay at the time specified, and in the absence of any stipulation in the bond making time of the essence of the contract, equity, which does not favor forfeitures, will not declare a forfeiture, especially where the property is not of precarious or fluctuating value, as in the case at bar. Having actual knowledge of the contract between the parties and the rights and claims of the respondent, the appellant Hay is in no better position than is his grantor, appellant Wells.

Under the law, as well as rules of equity, the judgment in this case does substantial justice between the parties, and, no reversible error appearing in the record, said judgment should be, and the same is, affirmed. Costs awarded to respondent.

Sullivan and Stockslager, JJ., concur.