(No. 4695. April 3, 1928.)

GEORGE COE and ETHEL COE, Respondents, v. ROY H. BENNETT and DAN KING, Appellants.

[266 Pac. 413.]

O. A. Johannesen, for Appellants.

Holden & Coffin, for Respondents.

T. BAILEY LEE, J.—On August 30, 1919, plaintiffs and respondents entered into a contract for the sale of real estate with Walter Bauchman, assignor of defendant Bennett. Bauchman paid $4,000 down, agreeing to pay the balance of $13,000 in specified instalments upon December 30th of each succeeding year up to and including 1922. On November 1, 1919, for a paid consideration of $6,250, he sold and assigned his contract to the aforesaid defendant who paid plaintiffs the next ensuing instalment of $2,500 together with $1,213 interest. The contract contained the following proviso:

"And it is expressly agreed by and between the parties hereto, that the time and times of payment of said sums of money, interest, and taxes as aforesaid is the essence and important part of the contract; and, that if any default is made in any of the payments or agreements above mentioned to be performed by the party of the second part, in consideration of the damage, injury and expense thereby

resulting or that may be incurred by or to the party of the first part thereby, this agreement shall be void and of no effect, and the party of the second part shall have no claim in law or equity against the party of the first part nor the above mentioned real estate, nor any part thereof; and any claim, or interest, or right, the party of the second part may have hereunder up to that time by reason hereof or of any payments and improvements made hereunder, shall, on such default, cease and determine, and become forfeited, without any declaration of forfeiture, reentry or any act of the party of the first part."

Defendant failed to pay the 1921 instalment, and on February 16, 1922, under plaintiffs' direction, their attorney mailed defendant a letter notifying him as follows:
"Mr. Roy H. Bennett,
"Idaho Falls, Idaho.
"Dear Sir,—

"Mr. George Coe has just been in my office and has asked me to communicate with you regarding a contract for the sale of land that was entered into between himself and wife as first parties and Walter Bauchman as second party for the sale of N½NE¼ 13, 1 N. R. 37, E. B. M. and which said contract was later assigned to you.

"Under the terms of this contract you have forfeited your rights thereunder and you are hereby notified that unless you and your wife tender a Quit Claim deed to this tract of land in favor of the said George Coe within three (3) days from the receipt of this letter, I am instructed to say to you that suit will be brought against you to remove the cloud cast upon the said land by reason of the recording of the said contract and the assignment thereof.

"The agreement itself states that the failure to pay any of the installments of principal, interest, taxes and assessments works a forfeiture without any notice whatsoever. You are notified that Mr. Coe will consider his rights and claim them as provided in the said contract.

"Please observe the three days limit above designated.
"Yours very truly,
"(Signed) W. A. BEAKLEY."

No tender or delivery of the requested deed having been made, plaintiffs on March 7, 1922, commenced suit against the defendant and his tenant, the defendant and appellant King, setting up the contract, defendant's breach thereof, and praying that the contract be declared null and void and together with the assignment thereof canceled of record. They further plead unlawful detainer, praying possession of the premises. Defendants answered, and from an adverse judgment entered upon the pleadings they appealed. The judgment having been reversed and the case remanded, an amended complaint was filed September 20, 1924, praying that the contract be decreed forfeited and canceled, that the record of the contract and its assignment be canceled, that the defendants be forever barred from asserting any rights thereunder, and that plaintiffs' title be quieted. After their general demurrer had been overruled, defendants filed an answer and cross-complaint demanding the return of purchase money paid and damages. The court found that plaintiffs had kept and performed all the obligations by them undertaken under the contract, that all the material allegations of their complaint were true, and that all the denied material allegations of defendants' answer were untrue. Judgment was accordingly entered, granting plaintiffs the relief prayed and denying defendants any relief whatsoever. Defendants have again appealed. There is a sharp conflict of evidence throughout the record on every material issue, and the findings therefore cannot be disturbed. The only question to be determined is the assigned error of the trial court in overruling the general demurrer. Defendants insist: (1) That the stipulations of forfeiture in the contract constitute penalties, and are therefore void and unenforceable; (2) that the contract by its terms conditions the forfeiture upon damages not alleged to have been suffered; (3) that the plaintiffs have rescinded and are therefore not entitled to relief until they have placed or offered to place defendants *in statu quo.*

 This court has upheld forfeitures of both land and moneys paid where the contract declared time to be the essence and a forfeiture was in terms provided for. *Papesh v. Wagnon,* 29 Ida. 93, 157 Pac. 775, where the breached contract provided:

"It is expressly agreed that time is the essence of this contract and in case of default by the party of the second part, his heirs or assigns, in any of the conditions above stipulated to be performed by him, then and in that case this contract shall become void, and the party of the second part shall have forfeited his rights hereunder, and any payments that shall have been made shall become forfeited to the party of the first part, which said payments it is hereby specially agreed shall, in that case, be deemed as damages hereby liquidated. . . . . ''

 The right has also been recognized in *La Shonse v. Herrick,* 39 Ida. 67, 225 Pac. 1019; *King v. Seebeck,* 20 Ida. 223, 118 Pac. 292; *Prairie Dev. Co. v. Leiberg,* 15 Ida. 379, 98 Pac. 616; *Machold v. Farnon,* 14 Ida. 258, 94 Pac. 170; *Castleberry v. Hay,* 8 Ida. 670, 70 Pac. 1055. Two most authoritative cases are *Glock v. Howard & Wilson etc. Co.,* 123 Cal. 1, 69 Am. St. 17, 55 Pac. 713, 43 L. R. A. 199, and *List v. Moore,* 20 Cal. App. 616, 129 Pac. 962, quoting from *Oursler v. Thacher,* 152 Cal. 739, 93 Pac. 1007, a case practically on all-fours with the one at bar. There is no merit in the contention that damages should have been plead in order to justify the forfeiture. The law presumes damages from a breach of contract, especially· when time is declared to be the essence, and it was that damage irrespective of its pleaded or proven extent that was agreed upon as consideration for the forfeiture. But it is immaterial that damages were mentioned at all. The stipulations covering them merely stated what would have been the legal effect of the contract without any mention of damages whatever. (*Glock v. Howard & Wilson etc. Co., supra.*)

 On its face, the complaint fails to show any rescission by plaintiffs. After defendant's breach, nothing that

they did to enforce the terms of the contract could effect rescission, for they were not abandoning the contract, but insisting upon their rights under it. To secure those rights, their complaint was filed. As was said in *Oursler v. Thacher, supra:*

"The stipulated facts here warrant no inference but the one that plaintiffs have done no more than to insist that, under the terms of the contract, defendants had no further rights under such contract, but had forfeited all such rights. Their notice of forfeiture and demand for possession of the mining property were strictly in line with this claim, and were in no sense a repudiation or abandonment of the contract or a consent to a rescission thereof, any more than was the refusal of the vendor to convey in *Glock v. Howard, supra,* an abandonment, or a consent to a rescission. The bringing of the action to quiet title was an act of the same character. Practically it amounted to no more than the calling of the defaulting vendees into court to show why it should not be decreed that under the terms of the contract all their rights thereunder were at an end. In the absence of some sufficient equitable showing to excuse their failure to comply with the terms of the contract, plaintiffs, while standing on their contract, were entitled to such a decree, so as to cut off the possibility of any future claim by the vendee to equitable relief, which might embarrass or cloud his title."

The demurrer was properly overruled.

Judgment affirmed. Costs to respondents.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.