(No. 6112.   December 2, 1935.)

H. H. WILLIAMSON, Respondent, v. WINIFRED M. WILSON, Appellant.

[52 Pac. (2d) 138.]

M. H. Eustace, Stewart S. Maxey and John D. Ewing, for Appellant.

Thos. E. Buckner and C. F. Reddoch, for Respondent.

AILSHIE, J.—This was an action to recover possession of real property. A cross-complaint was interposed praying for the return of the money paid as part of the purchase price for this land and for taxes paid, and for the value of repairs made on the premises. Judgment was entered for the plaintiff for the recovery of the possession of the land, together with nominal damages, and defendant has appealed. The case arose out of the following state of facts:

Plaintiff and his wife owned a farm in Idaho which was community property. They were residing in California. Plaintiff, learning of a prospective purchaser, came to Idaho, negotiated an agreement with a man named Farmer for the sale to him of this farm for $12,500. A warranty deed was prepared and taken by plaintiff back to California, where he and his wife duly executed and acknowledged it. In the meanwhile some of the buildings on the place were destroyed by fire. Plaintiff brought the deed, which had been duly executed, back to Idaho and after further negotiating with Farmer it was agreed that the sale should be consummated and that plaintiff should reduce the purchase price as originally agreed upon in the sum of $1,000, which was assented to by plaintiff's wife. Plaintiff and Farmer thereupon went to the bank where on November 1, 1917, a contract of sale was drawn in the usual and ordinary form, whereby plaintiff contracted to sell to Farmer and execute and deliver good and sufficient warranty deed, together with abstract of title and a certificate of water stock, which represented the water right appurtenant to the premises. By the same instrument Farmer agreed to purchase the premises and to make payments for the purchase price, by $200 in cash and the balance

in installments extending over a period of eleven years. Farmer executed promissory notes representing these deferred payments, which notes bear interest at the rate of 7 per cent until due and 8 per cent after maturity. The contract, the deeds and notes, abstract and water stock certificate, were all placed in escrow with the Middleton State Bank, with instructions that if the notes were paid they should be surrendered and the money placed to the credit of the vendor at the bank; and that when final payment was made, the deeds, abstract and water stock certificate should be delivered to Farmer.

The contract provided that the terms and conditions thereof "shall extend to and be obligatory upon the heirs, executors, administrators or assigns of the respective parties" and also contained the following:

"And in case of the failure of said party of the second part to make either of the payments or interests thereon or any part thereof, or to perform any of the covenants on his part hereby made and entered into then the whole of said payments and interests shall become immediately due and payable, and this contract shall, at the option of the party of the first part, be forfeited and determined, and if this instrument shall have been recorded in any recorder's office, then of filing a declaration of forfeiture, (setting forth the fact of said failure), in said office by said first party shall be sufficient to cancel all obligations hereunto on the part of the first party and fully reinvest them with all rights, title and interest, hereby agreed to be conveyed and the party of the second part shall forfeit all payments on and made by him on this contract, and all his rights, title and interest in all buildings, fences, or other improvements whatsoever and such payments and improvements shall be retained by the said party of the first part and he shall have the right to reenter and take possession of the premises aforesaid."

On October 15, 1919, Farmer sold and assigned his interest to Walter M. Ode and wife and executed and acknowledged a warranty deed on December 9, 1919, for the same premises and placed that in escrow with the other escrow papers. On May 12, 1920, Ode sold and assigned his interest to James T.

Wilson (husband of the defendant herein); and on May 6, 1920, Ode and wife executed warranty deed to the same premises and placed the same in escrow with the other escrow papers. On July 4, 1931, Wilson assigned his interest to the defendant herein and executed a deed to the premises and placed the same in escrow with the other escrow papers. Defendant defaulted in the payment of principal, interest and taxes on November 1, 1928, and made no payments thereafter. On the 21st day of April, 1932, plaintiff caused to be served on defendant, also on Farmer and wife and Ode and wife, a written notice describing the premises and specifying the payments that were in default, also the interest and taxes and recited:

"You are hereby further notified that, on account of your failure to pay the sums hereinabove specified as payments upon the purchase price and interest, you are in default under the terms of said contract and you are hereby given thirty (30) days within which to pay said sums and in case said sums are not paid within thirty (30) days from the date of the service of this notice said contract, dated November 1, 1917, for the purchase of the lands hereinbefore described, will be forfeited and all moneys heretofore paid the party of the first part on said contract will be forfeited to the said H. H. Williamson as liquidated damages and as rental for the use and occupation of said premises as provided by the terms of said contract."

No payment was made after this notice and the present action was thereafter instituted.

██ Appellant contends that the contract for sale of the land made by the husband alone (on Nov. 1, 1917) after the execution of the deeds and after the agreement had been reached, for a reduction of $1,000 from the purchase price, on account of the loss of buildings by fire, was void, by reason of the fact that community property cannot be sold, conveyed or encumbered by the husband "unless the wife join with him in executing and acknowledging the deed or other instrument of conveyance, by which the real estate is sold, conveyed or encumbered." (Sec. 31–913, I. C. A.; *Childs v.*

*Reed,* 34 Ida. 450, 202 Pac. 685; *McKinney v. Merritt,* 35 Ida. 600, 208 Pac. 244; *Hart v. Turner,* 39 Ida. 50, 226 Pac. 282; *Elliott v. Craig,* 45 Ida. 15, 260 Pac. 433; *Burnham v. Henderson,* 47 Ida. 687, 278 Pac. 221.)

This contention would be sound if the transaction were dependent on the contract of sale and purchase, executed November 1, 1917. However, such is not the case. It is indisputable that the deeds were both "executed and acknowledged" in the manner required by the community property statute and were placed in escrow with the contract for sale and the abstract and water stock certificate. Oral escrow instructions were given the bank with reference to their delivery. In other words, the covenant in the contract for execution of a good and sufficient deed was performed and complied with at the time by both husband and wife. The deeds were executed and by the mutual agreement of the parties those identical deeds were deposited in escrow.

It will, therefore, be seen at once that the defendant or any one of her assignors (immediate or mesne) could have secured the deeds at any time by making full payment in accordance with the escrow instructions. It is agreed by both parties here that escrow instructions may be in parol without in any respect being obnoxious to the statute of frauds. (*Eason v. Walter,* 118 Okl. 37, 246 Pac. 865; *McLain v. Healy,* 98 Wash. 489, 168 Pac. 1, L. R. A. 1918A, 1161; *Foulkes v. Sengstacken,* 83 Or. 118, 158 Pac. 952, 163 Pac. 311; *Manning v. Foster,* 49 Wash. 541, 96 Pac. 233, 126 Am. St. 876, 18 L. R. A., N. S., 337; *Miller v. Deahl,* (Tex. Civ. App.) 239 S. W. 679.)

It is perfectly clear that all the parties to this transaction, including the various assignees, through whom appellant acquired her rights, knew that a deed had been duly executed and was held in escrow, subject to be delivered upon the making of final payment. It is also true that each assignee of the escrow took a deed in escrow from his assignors to the property conveyed by the original grantors' escrow deed.

While the contract of November 1, 1917, made after the execution of the deeds and the destruction of the buildings,

was in form a contract of sale and purchase, it was in fact an escrow agreement in so far as it enumerated the times of making installment payments, the amount of each payment, and required the payment of taxes and water assessments, and also provided for the thousand dollar credit which was allowed as an offset against the purchase price for the loss of the buildings. The remaining portion of the escrow agreement or instructions was in parol and affected only the receipt of and credit for payments and delivery of the escrow papers on payment in full or in case of default for their return.

Appellant also urges that the court erred in not allowing her to recover the money she and her predecessors have paid on the purchase price for this land and also for taxes and improvements. There is no principle of law on which appellant can recover the money so paid. The purchaser went into possession of this real estate in 1917 immediately following the placing of the deeds and other papers herein mentioned in escrow; and the several successors in interest of the original vendee, Farmer, have successively occupied and used these premises; and it appears that the vendor has at all times been ready, willing and able to deliver good and sufficient deeds of conveyance for the lands upon completion of the payment of the purchase price. Appellant declines to take the premises or to make any further payments. The contract provided that all payments made should be forfeited as liquidated damages in case the purchaser failed to make subsequent payments as they fell due. Before claiming a forfeiture respondent gave appellant written notice of the amounts still due and gave her an opportunity to comply with the contract. Under such a state of facts neither the vendee nor anyone claiming under him can maintain an action for the recovery of moneys paid on the contract.

It seems to be well settled that, where a vendor is not in default and is willing and able to perform any further act required of him by the contract, and the purchaser refuses to complete the payments thereunder, the latter cannot recover anything he may have paid on the purchase price. (*Brad-*

*ford v. Parkhurst,* 96 Cal. 102, 30 Pac. 1106, 31 Am. St. 189; *Bishoff v. Myers,* 101 Okl. 36, 223 Pac. 165; *Sanders v. Brock,* 230 Pa. St. 609, 79 Atl. 772, 35 L. R. A., N. S., 532; *Stewart v. Elkins,* 101 W. Va. 557, 133 S. E. 125; *Hansbrough v. Peck,* 5 Wall. 497, 18 L. ed. 520; 66 C. J., sec. 1577, p. 1487; 27 R. C. L., sec. 378, p. 624.)

We think the trial court reached the correct conclusion in this case and that the judgment is in harmony with well-established rules. Judgment is affirmed with costs to respondent.

Givens, C. J., and Budge, Morgan and Holden, JJ., concur.