312 P.2d 570

**W. D. SCOGINGS and Afton Scogings, husband and wife, Plaintiffs-Respondents,**

**v.**

**Clarence B. LOVE and Florence Love, husband and wife, Defendants-Appellants.**

No. 8498.

Supreme Court of Idaho.

May 14, 1957.

Rehearing Denied June 26, 1957.

A. A. Merrill, Idaho Falls, C. V. Boyatt, Arco, for appellants.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents.

McQUADE, Justice.

This is an action brought by the respondents to cancel a contract of sale conveying certain real and personal property in Custer County, Idaho, to recover possession of such part of the property as remained in the possession of the appellants, to quiet title, and to have declared as liquidated damages all payments made under the contract. To the complaint, the appellants interposed an amended answer and cross-complaint.

The respondents were owners of property known as the Warm Springs Ranch, consisting of 550 acres of land, grazing rights, sheep, and equipment, having a sale value of $105,000. There was considerable personal property and livestock thereon, consisting principally of feed, equipment, hay, 1,010 head of ewes and 10 bucks. As a down payment on the Warm Springs Ranch, the appellants conveyed by deed and bill of sale a ranch near Roberts, Idaho, and personal property having an agreed value of $47,500, less a long-term mortgage thereon in the sum of $10,500, making a net down payment of $37,000. To perfect this sale of the Warm Springs Ranch, the parties entered into a written contract whereby the appellants conveyed the premises at Roberts,

Idaho, to the respondents, and the appellants were to pay the balance of the contract in equal annual installments of $4,000, plus interest on the deferred balance at the rate of four and one-half per cent per annum. There was also a provision in the contract which provided for cancellation of the contract and forfeiture of all payments made thereunder as liquidated damages for failure to make payments as provided in the contract.

This contract was executed on the sixteenth day of December, 1952, the first payment being due on the first day of October, 1953. Immediately after the execution of the agreement, the respondents sold the Roberts ranch to a third party. When the first payment became due, the appellants were unable to make the payment, and entered into a modification of the original agreement, whereby the appellants sold 660 head of ewes to the respondents for $10,000. The terms of this modification were that the appellants would receive $1,000 in cash, and credit in the sum of $3,000 on the installments due under the contract for three years commencing with October 1, 1953. This modification, together with some additional cash, satisfied the payment due October 1, 1953.

The amount due October 1, 1954, was $4,000 on principal and $2,668.95 in interest. Under the modified agreement, the appellants received a $3,000 credit, leaving a balance of $3,668.95 to be paid. By failing

to pay the balance due October 1, 1954, the appellants breached the contract. Almost immediately after the due date of October 1, 1954, the respondents mailed a notice to the appellants wherein their attention was called to the default, and they were requested to take steps to make the payment. On February 14, 1955, the respondents notified appellants by letter the contract was canceled and possession of the premises was demanded. It was upon these facts that the respondents based their complaint.

The amended answer and cross-complaint of the appellants alleged that they were falsely and fraudulently induced to execute the original contract; that certain lands having water thereon were excluded from the contract; that 135 old ewes were to be replaced; and they alleged certain other miscellaneous matters intended to be the basis for rescission of the contract upon the legal theory of fraud.

On the trial of the case to the court sitting without a jury, the respondents proved the sale, breach of contract, and had several witnesses who testified to the substantial decrease in the value of the premises as of October, 1954, and as of October, 1955. Clarence Love, one of the appellants, testified that in April, after taking possession, he was told by a man whose name he couldn't remember that a different 40 acres was held out other than what the respondent, W. D. Scogings, had said would be held out. Love further testified there was no complaint of this matter ever made by the appellants to the respondents. Thereafter, Clarence B. Love, the appellant, testified as to the value of the premises as of 1953. One portion of his testimony is that the ranch was worth just as much as when he purchased it. Yet under cross-examination he testified there had been some drop in the three-year period in the value of sheep ranches, and that there had been a considerable drop in the price of livestock during the three-year period. It was admitted by both parties in their briefs that about 400 head of ewes died the winter of 1952–1953.

The appellants failed to prove in any way that they were deceived or induced by fraudulent representations to enter into the original agreement. Fraud is never presumed, but must be established by clear and convincing evidence, especially where integrity of a written instrument is assailed. West v. Prater, 57 Idaho 583, 67 P.2d 273; Smith v. Johnson, 47 Idaho 468, 276 P. 320; Smith v. Thomas, 42 Idaho 375, 245 P. 399. From an examination of all the evidence, there is not the slightest showing the appellants had been deceived as to water rights or inclusion of land.

"Fraud will not be presumed and appellants had the burden of establishing all the elements of the fraud alleged by clear and convincing evidence." Nelson v. Hoff, 70 Idaho 354, 218 P.2d 345, 348.

The principal assignment of error with which we are concerned is to determine if the forfeiture of the $37,000 and the other amounts made by the way of payments is unconscionable or has become a penalty rather than liquidated damages which were provided for in the agreement between the parties.

After an examination of the entire record, and having in mind the economic fall in the value of sheep and sheep ranches, the relationship of the amount paid to the total amount due, the court comes to the conclusion that all of the sums paid in shall be treated as liquidated damages and not as a penalty.

Judgment affirmed.

Costs to respondent.

KEETON, C. J., and SMITH, J., concur.

TAYLOR, Justice, with whom PORTER, Justice, concurs (dissenting).

Except for the loss of approximately 400 head of sheep and the feed and grain which were on the ranch at the time possession was given to appellant, the respondent has received back all that he contracted to convey and transfer to appellant, plus improvements of the value of $1,786.63. Appellant was required to and did pay 35% of the purchase price at the time of the execution of the contract, which by that instrument was subject to forfeiture immediately there-after, should a default that soon occur. On the total purchase price of $105,000 appellant had paid $40,300 of principle, exclusive of the $9,000 credited for the sheep returned. Even allowing for the decline in value of the sheep ranch the forfeiture of such a payment for such a short period of occupation of the property is so unconscionable as to constitute a penalty. Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020.

In our opinion equity should require respondent to repay at least $10,000 thereof to appellant. Such repayment would still leave respondent whole.

Petition for Rehearing.

McQUADE, Justice.

In the petition for rehearing, the appellants request a judgment for return of $10,000 of the $37,000 paid as down payment by the appellants. If there is basis to retain two-thirds of the down payment as damages, appellants must thereby concede there is a substantial basis for allowing damages in any sum. The evidence taken by the trial court is the only basis which this court has to determine the equity of the appeal of the appellants for apportioning to them a part of the down payment.

Appellant, Clarence B. Love, corroborated the contention of respondents that sheep and sheep ranches had substantially decreased in value after 1952. This leaves no dispute in the record as to that

particular economic circumstance. The various witnesses placed values on the ranch of from $50,000 to $78,000. It was the duty of the trial court to resolve these differences, and in the absence of a plain abuse of discretion, the finding will not be reversed on appeal.

Obviously, the court below attempted to find a value which would be a true representation of the market value at the time of the breach of the contract by considering the testimony of all the witnesses, and determined the fair market value to be $62,500. If $10,000 were allowed to the appellants, it would give almost full value to the testimony of appellant Clarence B. Love, and would completely discredit the testimony of respondent W. D. Scogings and the expert witnesses who are real estate dealers and who testified at the request of the respondents.

The damages allowed by the trial court are actual damages, and not a forfeiture above the value of the property. We must of necessity return to the fundamental legal principle that the trial court will determine the facts, and its findings will not be disturbed on appeal where there is substantial, though conflicting, evidence to support those findings.

The petition for rehearing is denied.

KEETON, C. J., and SMITH, J., concur.

PORTER and TAYLOR, JJ., dissent.