340 P.2d 103

Marie HOWARD, Executrix of the Will and Estate of Ross Howard, deceased; Marie Howard and Madeline Walter, a single woman, Plaintiffs-Appellants,

v.

BAR BELL LAND & CATTLE CO., an Idaho Corporation; Foxley & Co., a corporation; Vernon C. Klamper and Celo H. Williams, d/b/a M. & K. Food Store; Gary I. McIntosh d/b/a McIntosh Veterinary Clinic; Chester R. Wilson and Jane Doe Wilson, husband and wife; Carey Mercantile Co., a corporation; Erb Hardware Co., Ltd. a corporation; Howard R. Clinger and Jane Doe Clinger, husband and wife; Millie Stilinovich and John Doe Stilinovich, wife and husband; Mike Krznovich and Jane Doe Krznovich, husband and wife; Clinger's Inc., a corporation; Eldon J. Facer and Louise G. Facer, husband and wife; Harold W. Bentley and Verna D. Bentley, husband and wife and First Security Bank of Idaho, National Association, Defendants-Respondents.

No. 8697.

Supreme Court of Idaho.

April 29, 1959.

Rehearing Denied June 18, 1959.

Russell S. Randall, Lewiston, Ralph R. Breshears, Boise, for appellants.

**192**

Cox, Ware, Stellmon, & O'Connell, Lewiston, for respondent Bar Bell Land & Cattle Co.

Clements & Clements, Lewiston, for respondent Foxley & Co.

Thomas W. Feeney, Lewiston, for respondent Gary I. McIntosh.

TAYLOR, Justice.

November 5, 1951, plaintiffs (appellants) entered into a contract to sell to Frank S. Hofues and R. Dean Hawn a cattle ranch consisting of fee and leasehold estates approximating 75,000 acres of land in Nez Perce and Lewis counties, together with improvements, water rights, and certain equipment. The purchase price was $374,000, payable as follows:

"The sum of $20,000.00, in cash, immediately upon execution hereof, the receipt of which is hereby acknowledged by first parties.

"The further sum of $60,000.00, in cash, on or before the 30th day of December, 1951.

"The further sum of $35,000.00 in cash, on or before the first day of October, 1952.

"The further principal sum of $17,-266.66 on the first day of November, 1953, and the same amount on the first day of November of each year thereafter until the full purchase price herein mentioned shall have been paid."

The deferred balance bore interest at 4½% per annum.

All payments were made to and including the installment due November 1, 1953.

The contract was modified by agreement of May 22, 1954, reducing the annual payments to $10,000, principal, commencing November 1, 1954.

The contract provided that the first parties, appellants, "do hereby expressly reserve and except from the real property herein agreed to be sold all timber on said properties and that first parties shall have full right and privilege of entering upon the said premises or any part thereof at any time for the removal of said timber and in conjunction therewith the right to construct such roadways and camps as may be deemed necessary or proper in protecting said timber or in carrying on logging operations". The contract further provided:

"Time is agreed to be of the essence of this agreement and in case of default or failure of the second parties to make all payments as above mentioned at the time and in the manner above described, and such default or failure to make such payments shall continue for a period of sixty days after notice thereof and demand for performance or fulfillment shall have been given to second parties, first parties may at their option declare forfeiture of any right, title or interest that second parties may have in or to said premises, and in such event, the moneys theretofore paid by second par-

ties to first parties shall be retained by first parties as full and liquidated damages to first parties for non-performance of this agreement, * * *."

August 24, 1954, the purchasers Hofues and Hawn executed a written agreement with the defendant (respondent) Bar Bell Land and Cattle Company by the terms of which they sold to the latter company their interest in the lands covered by their contract with plaintiffs. All timber upon the lands was also excepted from this contract. The contract further expressly provided:

"The parties hereto agree that this contract is subject to all of the terms and conditions of the aforementioned contract between the said Ross Howard and Marie Howard, husband and wife, and Madeline Walter, a single woman, as sellers and Vendors herein as purchasers, and Vendee acknowledges it has read said contract and is familiar with the terms and conditions thereof, and Vendee agrees it will perform at the time and in the manner required in said contract all covenants and conditions therein to be kept and performed by the Vendors herein as purchasers and that any default by Vendee in the performance of the Howard contract shall constitute a default in the performance of this contract, * * *."

Time was also declared to be of the essence of this contract.

The consideration for the sale by Hofues and Hawn to the Bar Bell company, in addition to certain property, was $35,000, payable $5,000 on the 1st day of December, 1955, and $5,000 on the 1st day of each December thereafter until $35,000 was paid, with interest on deferred balance. The Bar Bell company being unable to make the $10,000 payment on the Howard contract due November 1, 1954, that payment was made by Hofues and Hawn, for which the Bar Bell company gave to Hofues and Hawn its note for $10,000, payable in three annual installments of $3,333.33, commencing November 1, 1955.

Both contracts were placed in escrow with a bank at Lewiston.

December 10, 1955, the Bar Bell company assigned its contract to the defendant (respondent) Foxley & Co., as security for an obligation of $41,500. In August, 1956, the plaintiffs purchased from Hofues and Hawn all of their right and interest in the contract of August 24, 1954, and received an assignment of the contract and of the notes for $35,000 and $10,000 made by Bar Bell company.

The Bar Bell company failed to make the payments due on November 1st and December 1st, 1956, on the contracts and also the payment on the $10,000 note due November 1, 1956. At the time of these defaults, payments made on the original contract amounted to $152,266.66, principal,

and $34,481.60, interest, leaving a balance unpaid of $221,733.34, principal. $5,000, principal, and $2,231.25, interest, had been paid on the contract of August 24, 1954, leaving a balance unpaid of $30,000, principal.

November 7th and December 5th, 1956, plaintiffs gave notice of these defaults to all parties to both contracts and the assignees, including Foxley & Co., and demanded that the defaults be removed within sixty days, as provided by the contracts.

The defaults not having been cured, on February 5, 1957, plaintiffs gave notice of their election to terminate and forfeit the contracts and the interest of all of the purchasers and their assignees. This notice was also given to all parties and their counsel, and contained a demand for surrender of the escrow and possession of the property.

The purchasers had been given possession October 1, 1952, and continued in possession until March, 1957, when Howards claim to have taken possession. The respondents claim they retained possession until approximately May 1, 1957.

There were other conveyances and reconveyances to and from other parties affecting the property which are not now involved in the issues presented.

February 21, 1957, plaintiffs commenced this action, praying that the contracts be cancelled and their title be quieted to the property involved.

By its answer and cross-complaint the Bar Bell company claimed the right to redeem and prayed the allowance of a reasonable time within which to pay the balance due on the contracts and, in the alternative, a judgment against the plaintiffs for the excess of purchase money paid over the reasonable rental value of the property.

June 15, 1957, Foxley & Co. tendered payment by check of the balance due on the contract. In its answer and cross complaint Foxley & Co. prayed that plaintiffs be required to accept payment of the balance due within a reasonable time to be fixed by the court. Foxley & Co. also alleged that the provision of plaintiffs' contract reserving the timber applies only to timber which was marketable on the date of the execution of the contract; that timber which was not marketable at that time was not reserved; that plaintiffs had removed timber which became merchantable after the date of the contract, and prayed for accounting thereof; and that the logging privilege be limited to a period of time reasonably necessary to afford an opportunity to log merchantable timber in existence on the date of the contract.

Subsequent to a pre-trial conference held on January 13, 1958, the district court on February 14, 1958, rendered an opinion in which it concluded that the defendants,

Bar Bell company and Foxley company, should have the right to redeem from the forfeiture of the contracts within a period of sixty days by the payment of the balance of principal and interest due upon the contract to the date of redemption, plus advances made by plaintiffs, together with their costs, including attorneys fees incurred to the date of the offer of redemption; that the defendants were not entitled to both the privilege of redeeming and, failing that, the right to restitution; and that should defendants fail to redeem, title should be quieted in plaintiffs. The advances referred to consist of such items as rentals due on lands held under lease, grazing permit fees, taxes, insurance, and caretaker's wages, which were paid by plaintiffs subsequent to the declaration of forfeiture. The opinion further provided that in event counsel could not agree upon the amount required to redeem, a hearing before the court would be had on that subject on March 10th.

March 10, 1958, trial was had before the court, at which the plaintiffs, without waiving their objections to the allowance to the defendants of the right to redeem, produced evidence in support of the allegations of their complaint, and the defendants produced evidence in support of their pleadings. In view of the trial court's prior ruling, granting the defendants the right to redeem, the facts concerning plaintiffs' damages resulting from the defaults were not presented, nor was the amount of such damages determined. The defendants offered no evidence in extenuation of their defaults. The issue raised by Foxley & Co. concerning the timber was reserved by the court to be determined in subsequent proceedings, should redemption be made. The court in its judgment fixed the amount necessary to redeem, $312,921.06, and allowed the defendants until May 20, 1958, to make redemption. Foxley & Co. deposited the money required to redeem with the clerk of the court.

Plaintiffs appeal from the judgment.

Ross Howard died while this appeal was pending. His executrix was substituted as a party plaintiff and appellant.

Certain collateral issues are raised by the assignments of error which will not be separately considered because they are either resolved by the conclusion reached herein on the controlling issue as to the right granted defendants to redeem, or are without merit.

Subsequent to the judgment entered herein, Foxley & Co.'s lien on the Bar Bell contract was foreclosed by judgment dated July 10, 1958, in which Bar Bell company was granted a redemption period.

■ An action to quiet title is one which invokes the equity jurisdiction of the court. Shields v. Johnson, 10 Idaho 476, 79 P.

391, 3 Ann.Cas. 245; Fairview Investment Co. v. Lamberson, 25 Idaho 72, 136 P. 606; Anderson v. Whipple, 71 Idaho 112, 227 P. 2d 351.

"Equity will not grant specific performance of a forfeiture unless the failure to do so would lead to an unconscionable result." Sullivan v. Burcaw, 35 Idaho 755, syllabus 1, 208 P. 841.

"Generally speaking, parties to a contract may agree upon liquidated damages in anticipation of a breach, in any case where the circumstances are such that accurate determination of the damages would be difficult or impossible, and provided that the liquidated damages fixed by the contract bear a reasonable relation to actual damages. But, where the forfeiture or damage fixed by the contract is arbitrary and bears no reasonable relation to the anticipated damage, and is exorbitant and unconscionable, it is regarded as a 'penalty', and the contractual provision therefor is void and unenforceable." Graves v. Cupic, 75 Idaho 451, 456, 272 P.2d 1020, 1023.

Raff v. Baird, 76 Idaho 422, 283 P.2d 927.

It is the lawful privilege of the parties to a contract for the sale of real property to make time of performance of the essence of their agreement. It is also their privilege to agree in advance upon the damages to be recompensed in case of breach. The courts, both at law and in equity, must respect the provisions of a contract lawfully agreed to. Hinsch v. Mothorn, 44 Idaho 539, 258 P. 540; Coe v. Bennett, 46 Idaho 62, 266 P. 413; Koch v. Glenn, 53 Idaho 761, 27 P.2d 870; Williamson v. Wilson, 56 Idaho 198, 52 P.2d 138; Williamson v. Smith, 74 Idaho 79, 256 P.2d 784; Scogings v. Love, 79 Idaho 179, 312 P.2d 570. But, where the facts make the damage agreed to an unconscionable penalty, equity will intercede to grant relief. Graves v. Cupic, supra.

In this case it is not contended that plaintiffs' damages resulting from the breach are incapable of reasonably accurate ascertainment. On the trial the defendants offered no evidence to show that the damages provided by their contract did not bear a reasonable relation to plaintiffs' actual damages, or that they were exorbitant and unconscionable. In seeking relief from the forfeiture the burden of proving such facts rested upon defendants. Major-Blakeney Corp. v. Jenkins, 121 Cal.App.2d 325, 263 P.2d 655; Petersen v. Ridenour, 135 Cal. App.2d 720, 287 P.2d 848.

Plaintiffs made an offer of proof to show that the damages suffered by reason of the breach exceeded the payments made upon the contract; but the court having already ruled that defendants were entitled to redeem, rejected the offer. Hence the

issue as to whether the damages stipulated by the contract amounted to an unconscionable penalty, or whether they bore reasonable relation to the actual damages sustained, was not considered or determined by the court. This is an issue which must be determined in favor of the purchasers as a condition precedent to their asserted right to relief from the forfeiture. The order and judgment of the court granting the defendants the right to redeem was, therefore, premature and unsupported by a finding that the damages provided by the contract were in fact a penalty.

■ The trial court assumed the amount of payments made, when compared to the purchase price, was sufficient warrant for a court of equity to grant relief. On this the vendors were entitled to be heard. But, assuming the proposition to be correct, the court could not grant the right to redeem in the absence of proof by the purchasers, not only that the stipulated damages amounted to a penalty, but facts showing that equity could not give them adequate relief by way of restitution.

■ The judgment of the court in effect granted to defendants specific performance of the contract which they had breached, and which made time of the essence. This a court of equity will not do in the absence of a showing that a refusal to do so would work an unconscionable result, and that no other adequate relief is available to the pur-

chaser. Clinton v. Meyer, 43 Idaho 796, 255 P. 316; Petersen v. Ridenour, 135 Cal.App. 2d 720, 287 P.2d 848; Ward v. Union Bond & Trust Co., 9 Cir., 243 F.2d 476; 3 Williston on Contracts §§ 791, 852.

■ In this case the record does not indicate that plaintiffs' damages are unascertainable nor that restitution of the excess would not afford defendants adequate relief from any penalty which might be involved. Being without fault and having strictly performed the contract on their part, and having accorded to defendants more than the grace period contracted for, plaintiffs are entitled to the benefit of the forfeiture provision, except to the extent that it might constitute a penalty. They may not be compelled to perform specifically in favor of the parties who have breached the contract, when such parties can be adequately protected by way of restitution. Hall v. Yaryan, 25 Idaho 470, 138 P. 339; Hinsch v. Mothorn, 44 Idaho 539, 258 P. 540. Especially are plaintiffs entitled to this protection afforded by their contract when they are presently faced with further litigation concerning the extent of the timber reservation.

The judgment quieting title in the plaintiffs is affirmed. That portion of the judgment granting defendants the right to redeem is reversed and the cause is remanded with instructions to grant defendants a trial upon the issue as to whether forfeiture

of the payments made would constitute a penalty, and if found to be excessive, to grant relief by way of restitution.

Costs to appellants.

SMITH, KNUDSON, and McQUADE, JJ., and MARTIN, D. J., concur.