385 P.2d 406

**Melvin M. MELTON and Lena M. Melton, Plaintiffs-Respondents,**

v.

**Fidele H. AMAR and Barbara Amar, Defendants-Appellants.**

No. 9296.

Supreme Court of Idaho.

Sept. 26, 1963.

Davison, Davison & Copple, Boise, Furey & Furey, Salmon, for appellants.

Charles Herndon, Salmon, for respondents.

McFADDEN, Justice.

This is the second appeal in this cause. For a detailed statement of facts leading to this litigation see the opinion in the first appeal, Melton v. Amar, 83 Idaho 99, 358 P.2d 855. The present appeal is from the judgment entered after hearing by the trial court of additional testimony taken in the court's discretion under the mandate of this court. The trial court at the commencement of the subsequent hearing stated: "The question presented to this court is solely a question of are the damages as set up as liquidated damages unreasonable, and in fact a penalty." Counsel for the respective parties were in agreement with the statement of the scope of the hearing.

The judgment in the instant action was entered after the trial court rendered its memorandum decision directed to be filed as findings of fact and conclusions of law. The judgment as entered is to the effect that the contract for the sale of the Williams Lake property, the subject of the litigation between the parties, was cancelled, and the prior decision of the trial court

allowing foreclosure and restitution is re-affirmed. . That the appellants were the owners of personal property removed from the real property, and "That the damages herein are not disproportionate to the actual damages suffered by the defendants, Fidele H. Amar and Barbara Amar, and that the forfeiture herein is reasonable and not exorbitant or so unconscionable as to be regarded as a penalty, and that there is adjudged to be no penalty suffered by the defendants, Fidele H. Amar and Barbara Amar, herein, and they are entitled to no damages." The contract provided:

"* * * time shall be of the essence of this agreement; but if the Buyers shall fail to pay the said payments when due, the said Sellers shall be released from all obligations, both at law and in equity to convey said property, and in such event the said Buyers shall forfeit all right to said property and shall immediately surrender possession of said premises, and all payments heretofore made by them shall be forfeited to the Sellers as accrued rent, * * *".

By their assignments of error, the appellants claim error by the trial court in finding that the amount forfeited is reasonable, not disproportionate to actual damages, and is not so exorbitant and unconscionable as to be regarded as a penalty; they challenge findings by the court of respondents' expenses of $900.00, plus attorney's fees of $2,500.00 and a resale would involve a real estate broker's commission of $5,000. They further claim error by the trial court in not allowing interest on the amount appellants made as a down payment.

The trial court found and stated that there was no question that appellants had paid on the contract $31,712.00 and received personal property of the value of $12,285.00. The court also found on substantial, though conflicting evidence that $1,000 was a reasonable annual rental value for the ranch part of the premises and $2,500.00 a reasonable annual rental value for the resort part of the premises, making a total rental value of $3,500.00 per annum. These findings, being based on substantial although conflicting evidence must be accepted by this court. Scogings v. Love, 79 Idaho 179, 312 P.2d 570; Zollinger v. Big Lost River Irr. Dist., 83 Idaho 411, 364 P.2d 176. The trial court further stated in its findings:

"This then would be $3,500.00 per year fair rental value for the entire property, and will figure it at three years or $10,500.00.

"Taking the personal property of a value of $12,285, and adding $10,500, we come up with $22,785.00 as a credit to the plaintiffs, and subtracting that

from $31,712 credit to defendants we have $8,927.00".

The trial court aptly stated the problem in these terms. "Here we have the big question, is this a reasonable liquidated damage, or exorbitant and unconscionable and a penalty?"

The contract in dealing with the provision stipulating for forfeiture of payments in case of breach, referred to retention of such payments as "accrued rent", and not as "liquidated damages". Whether a distinction should be made as between such terms is not before this court, for all parties throughout the course of this litigation treated the two as synonymous—no one contended that this stipulation had reference to anything other than "stipulated damages." Similarly in Williams v. Smith, 74 Idaho 79, 256 P.2d 784, this court in dealing with a contract for the sale and purchase of real property stated:

> "The contract herein, specifying the payments were to be retained as rent, justified the court in balancing the payments as against the rental value, McMahon v. Cooper, 70 Idaho 139, at page 147, 212 P.2d 657, as well as the amount forfeited against the value of the property, improvements made by appellants and amounts expended by respondent in repossessing the property, etc."

That the parties to a contract may stipulate the amount of liquidated damages in case of a breach, as a general rule, if the amount stipulated is not disproportionate to the damages actually sustained, has been recognized in many cases decided by this court. See Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020; Scogings v. Love, 79 Idaho 179, 312 P.2d 570; Howard v. Bar Bell Land & Cattle Co., 81 Idaho 189, 340 P.2d 103; Miller v. Remoir, 86 Idaho 121, 383 P.2d 596.

In the instant action the defendants were in possession of the property for a period of over three years. The trial court in applying the rule stated in Williamson v. Smith, supra, properly took into consideration the respondents' expenses in repossessing the property, including the respondents' attorneys fees and expenses in arriving at its determination that the forfeiture of the payments in this instance did not constitute a penalty.

It is contended that the trial court should have considered interest on the payments made by appellant in its determination as to whether the forfeiture of the payments constituted a penalty. Normally a vendee in default under a contract cannot recover back the money he has paid on the contract. Miller v. Remoir, supra; Annos.; 59 A.L.R. 189, 102 A.L.R. 852, 134 A.L.R. 1064; Hall v. Yaryan, 25 Idaho 470, 138 P. 339; Butler v. Cortner,

42 Idaho 302, 246 P. 314; Hinsch v. Mothorn, 44 Idaho 539, 258 P. 540; Coe v. Bennett, 46 Idaho 62, 266 P. 413; Williamson v. Wilson, 56 Idaho 198, 52 P.2d 138. It thus follows that for a vendee to be entitled to interest on the moneys he paid on the contract, he must first establish his right to a return of such moneys by way of mutual rescission of the contract, rescission by reason of misrepresentation, or for other cause. See: Sorensen v. Larue, 47 Idaho 772, 278 P. 1016, which was an action where the contract was held void by failure of title, and interest on payments allowed. Here the respondents are enforcing the terms of the contract and are not seeking any rescission of it.

It has been pointed out that in the original opinion of this action this court stated "This is an action for rescission of a land sale contract" inferring at least that interest should have been allowed. In the first appeal it was pointed out that the action was one for cancellation of the contract by the respondents, with a cross-claim for rescission by appellants on the ground of alleged misrepresentation. In the original opinion the contract was considered as being enforced in accordance with its terms, and the use of the term "rescission" in that opinion had no reference to any concept of annulling the contract ab initio. Courts have on many occasions used the term "rescind" and "rescission" as synonymous with cancel, annul, to hold void, and without

reference to the technical meaning of termination ab initio. See discussion in annotation, 31 A.L.R.2d 8, at page 10.

■ It is our conclusion that the trial court properly excluded consideration of interest on payments made by appellants in its determination of the issue whether any penalty arose by forfeiture of such payments.

■ The parties themselves having determined by contract to stipulate as to what the damages should be in case of a breach, and realizing that at the time of the execution of the agreement that they could not foresee all future contingencies, the following statement in Howard v. Bar Bell Land & Cattle Co., 81 Idaho 189, 197, 340 P.2d 103, 107 is most appropriate:

"It is the lawful privilege of the parties to a contract for the sale of real property to make time of performance of the essence of their agreement. It is also their privilege to agree in advance upon the damages to be recompensed in case of breach. The courts, both at law and in equity, must respect the provisions of the contract lawfully agreed to. Hinsch v. Mothorn, 44 Idaho 539, 258 P. 540; Coe v. Bennett, 46 Idaho 62, 266 P. 413; Koch v. Glenn, 53 Idaho 761, 27 P.2d 870; Williamson v. Wilson, 56 Idaho 198, 52 P.2d 138; Williamson v. Smith, 74 Idaho 79, 256

P.2d 784; Scogings v. Love, 79 Idaho 179, 312 P.2d 570".

See also Miller v. Remoir, 86 Idaho 121, 383 P.2d 596.

No error appearing, the judgment is affirmed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, TAYLOR, and SMITH, JJ., concur.