394 P.2d 630

Margaret J. NICHOLS, *in her sole and separate capacity*, and as Executrix of the Estate of Walter J. Nichols, Deceased, Plaintiff-Appellant,

v.

Cecil E. KNOWLES and Peggy M. Knowles, husband and wife, Defendants-Respondents.

No. 9338.

Supreme Court of Idaho.

July 29, 1964.

Everett D. Hofmeister, Jr., Sandpoint, for appellant.

Bandelin & Cogswell, Sandpoint, for respondents.

McFADDEN, Justice.

Appellant by her notice of appeal purported to appeal to this court from the trial court's order denying her motion for new trial and also from the final judgment. Respondent moved to dismiss the appeal from the trial court's order denying the motion for new trial on the ground that appellant's undertaking on appeal applied only to the appeal taken from the judgment, and not to the appeal from the order denying the motion for new trial. Pertinent

portions of the undertaking on appeal recite:

"Whereas the plaintiff in the above-entitled action is about to appeal to the Supreme Court of the State of Idaho, from a judgment entered against plaintiff in said action, in favor of the defendant in said action on the 18th day of February, 1963: * * *"

This court in Jordan v. Jordan, 75 Idaho 512, 517, 275 P.2d 669, considered the requirements of I.C. §§ 13–202 and 13–203, and their application to an undertaking which referred only to the judgment appealed from and not to orders subsequent to judgment, as in the instant case, and stated:

" * * * The undertaking filed herein is not insufficient or defective or void as an appeal bond on the appeal from the judgment. Neither is it uncertain as to the appeal for which it is given. It only purports to cover the appeal from the judgment and nowhere mentions the appeals from the orders made after judgment. There is an entire absence of an undertaking to cover such appeals. It follows that the appeals from the orders made after judgment must be dismissed."

The case of Jordan v. Jordan, supra, is controlling, and the appellant's appeal from the order denying her motion for new trial is dismissed.

Mrs. Nichols, the plaintiff and appellant, is the widow of Walter J. Nichols, who died April 17, 1961; she instituted this action individually, and as the executrix of her late husband's estate, to terminate a written real estate contract and to quiet title to the property against Mr. and Mrs. Knowles, husband and wife, the defendants and respondents herein.

The contract, dated August 1, 1960, was executed by Mr. and Mrs. Nichols, as the vendors, and signed April 1, 1961, by respondents as purchasers. Under the terms of the contract, respondents were to pay $20,000, purchase price, of which sum $19,000 was for the real property, and $1,000 for personal property. The purchase price was payable $2,000 upon signing of the contract, payment of which was acknowledged by appellant and her husband, and $6,000 on or before July 1, 1961, and the remaining balance in annual installments.

On April 1, 1961, respondents paid an additional $4,000 on the payment due July 1, and took possession of the premises. They did not pay the remaining $2,000 due on the July 1st payment. The record disclosed some discussion regarding a 30 day extension of time for payment of this $2,000. However, on September 2, 1961, appellant caused Notice of Default and Election to Re-enter to be served on respondents, and appellant instituted this ac-

tion seeking possession of the premises and seeking to quiet title, and to retain as liquidated damages the amount paid by respondents upon the contract. Respondents filed a counter-claim seeking a return of the $6,000 paid, less $1,000 for the reasonable use and occupancy of the premises. Respondents relinquished possession of the property in June, 1962.

Judgment was entered for appellant quieting title in the real and personal property in the appellant; judgment was also entered for respondents on their counter-claim for $3,350, which sum was decreed a lien upon the premises. This appeal was taken from that judgment.

■ Appellant's first four assignments of error are directed to specific findings of the trial court. Suffice it to say that an examination of the record reflects that these findings are fully supported by substantial and competent evidence, and hence will not be disturbed by this court. Ryan v. Day, 74 Idaho 159, 258 P.2d 1146; Crouch v. Bischoff, 76 Idaho 216, 280 P.2d 419; Melton v. Amar, 86 Idaho 262, 385 P.2d 406.

The contract, among other things, provided:

"In case the parties of the second part [respondents Knowles and wife] fail to make any of the payments, or any part thereof, or to perform any of the covenants on their part hereby made and entered into, this contract shall, at the option of the parties of the first part [appellant Nichols and her husband] be forfeited and determined and the parties of the second part agree that in such event that all payments made under and by virtue of this agreement shall belong to and be retained by the parties of the first part as liquidated damages for the nonfulfillment of this agreement, for loss in value of said real property and for the rental thereof. The term liquidated damages and the amounts fixed therefor have been arrived at by the parties as reasonable sums for the failure of the parties of the second part to perform since the actual amount of damage which would result to the parties of the first part cannot be definitely determined. In the event of such default by the parties of the second part, the parties of the first part shall have the right to re-enter and take possession of said premises. In the event any action is instituted by either party to enforce the terms and conditions of this agreement, then in that event the prevailing party shall be entitled to reasonable attorneys fees to be assessed as costs in such suit or action."

Appellant asserts that the trial court erred in its finding that such provision " * * *

provides not for a forfeiture and actual damages, but a penalty insofar as it bears no reasonable relation to the damage suffered by the plaintiffs by reason of the breach of the defendants, and said retention of the $6,000 heretofore paid by the defendants to the plaintiffs is unconscionable and exorbitant and is a penalty and void and unenforceable."

The trial court further found that respondents had made a down payment of $2,000, and that they made a further payment on April 1, 1961 of $4,000, for a total of $6,000, and also found on respondent's counter-claim that respondents were entitled to recover from the appellant the $6,000, less the following items fixed as appellant's damages:

"1) Reasonable rental value of said premises for the tenure by the defendants at the rate of $1,000.00 per year for a total of .................. $1,250.00

2) Repairs, cleaning and renovation by the plaintiffs after the defendants removed themselves from the property in the amount of ......... 400.00

3) Real Estate commission paid by the plaintiff to Nona Sommerfeld for procuring the sale of said property, the amount of ............... 1,000.00
$2,650.00"

The court found that the respondents committed no damage other than the above itemized amounts that depreciated the value of the property. The court then computed the amount to be paid by appellant to respondents as follows:

"Principal payment on contract $6,000.00
Less ...................... $2,650.00
Total due from plaintiffs to defendants ............... $3,350.00"

■ Parties to a contract may stipulate the amount of liquidated damages that shall be paid in case of a breach, and such stipulation is enforceable if the amount stipulated is not disproportionate to the damages actually sustained. Melton v. Amar, 86 Idaho 262, 385 P.2d 406; Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020.

■ "It is the lawful privilege of the parties to a contract for the sale of real property to make time of performance of the essence of their agreement. It is also their privilege to agree in advance upon the damages to be recompensed in case of breach. The courts, both at law and in equity, must respect the provisions of a contract lawfully agreed to. (Citing cases.)" Howard v. Bar Bell Land & Cattle Co., 81 Idaho 189, 340 P.2d 103.

■ On the other hand, if the damages so agreed upon are clearly unconscionable,

exorbitant and arbitrary, bearing no reasonable relation to the damages which the parties could have anticipated from the breach which occurred, the provision is considered an unenforceable penalty. Miller v. Remior, 86 Idaho 121, 383 P.2d 596; Walker v. Nunnenkamp, 84 Idaho 485, 373 P.2d 559; Scogings v. Love, 79 Idaho 179, 312 P.2d 570.

It is for the trial court to determine under the facts of any particular case whether the amount stipulated as damages bears such reasonable relation to the damages actually sustained as to be enforceable as a provision for liquidated damages; likewise, it is for the trial court to determine whether under the facts the amount stipulated is arbitrary and bears no reasonable relation to the anticipated damages and is so exorbitant and unconscionable as to be regarded as a penalty. Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020; Walker v. Nunnenkamp, 84 Idaho 485, 491, 373 P.2d 559. The trial court's finding that this provision under the facts was so unconscionable and exorbitant as to amount to a penalty is supported by substantial, competent, although conflicting evidence; hence the finding must be sustained by this court. Melton v. Amar, supra.

Appellant asserts that the trial court erred in not granting her motion to dismiss respondent's counter-claim and in allowing recovery by the respondents. She asserts the record affirmatively shows that no claim was ever presented to the estate of Walter J. Nichols, as required by I.C. § 15–611. It is contended that the respondents' counter-claim is based on the contract, and no claim having been presented to the estate it is thus barred, unless the respondents come within the exception allowed by I.C. § 15–611.

The right of action by the respondents did not arise until they were served with notice of default, on September 2, 1961. Mr. Nichols died April 17, 1961, some months before. In Nathan v. Freeman, 70 Mont. 259, 225 P. 1015, 41 A.L.R. 138 (1924), the Montana Supreme Court held that a statute similar to I.C. § 15–611, has no application to claims arising subsequent to a decedent's death, stating:

"* * * In our opinion these statutes of non-claim have reference to an indebtedness existing at the time of the decedent's death, not to such as arise subsequently by reason of a breach of the executory contracts of the deceased. Claims existing before death are in one category, and those arising subsequently in another. The former must be presented or they are barred forever, while the latter class

are incident to the administration of the estate."

We believe that the correct rule is announced by the Montana Supreme Court. See also: Gaspar v. Buckingham, 116 Mont. 236, 153 P.2d 892 (1944); Annot. 34 A.L.R. 352, 362; Annot. 41 A.L.R. 144; Annot. 73 A.L.R.2d 883.

It must also be pointed out that this counter-claim was in the nature of an equitable action. In Ashbauth v. Davis, 71 Idaho 150, 154, 227 P.2d 954, 32 A.L.R.2d 361, this court considered whether or not such an action was based upon a "claim" within the meaning of the statute. The court stated:

> " * * * As early as 1886 this court held that the term, 'claim' does not include causes of action purely equitable, and in which purely equitable relief is sought. Toulouse v. Burkett, 2 Idaho 184, 10 P. 26".

We are of the view that the trial court did not err in refusing to dismiss the respondents' counter-claim.

The record fully sustains the findings of fact by the trial court, and the judgment is affirmed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.